(29 Misc. Rep. 673.)

FAWCETT v. FAWCETT.

(Supreme Court, Special Term, New York County.   December 5, 1899.)

1. DIVORCE—SERVICE OF SUMMONS—EVIDENCE.
       In an action for divorce, an affidavit by plaintiff's brother that he served
    the summons and complaint on defendant is insufficient proof of service.
2. SAME—ADULTERY.
       In an action against a wife for divorce, the uncorroborated testimony
    of a single witness that he had had sexual intercourse with the wife is
    insufficient evidence of adultery, though she makes no appearance.

Action by Joseph Fawcett against Minnie V. Fawcett.   Restored
on the calendar.

Wm. A. Sweetser, for plaintiff.

GILDERSLEEVE, J.   The action is for an absolute divorce, insti-
tuted by the husband.   The wife has not appeared in the action, and
her default has been taken.   The only proof of service of the sum-
mons and complaint on the defendant is furnished by the affidavit of
one William E. Fawcett, who, in addition to the ordinary allegations

set forth in an affidavit of the service of a summons, swears that he is the brother of the plaintiff, and knows the defendant very well. While, perhaps, this affidavit may, technically speaking, comply with the requirements of rule 18 of the general rules of practice, still I think that, considering the close relationship of the affiant to the plaintiff, he should have been called as a witness and examined on the subject. The only evidence of the alleged adultery is furnished by a man named Charles A. Greene, who testifies that on the 25th of August, 1899, at No. 340 West Thirty-Seventh street, in this city, he, the said Greene, had sexual intercourse with the defendant. Evidence of this kind should be received with caution. When a man voluntarily appears in court, and swears away the reputation of a woman, who, as he claims, has sacrificed her honor for him, his testimony should be viewed with suspicion. I am unwilling to grant a decree of divorce against this woman without further proof of the proper service of the summons and complaint on the defendant, and some corroborative evidence of the alleged adultery.

An order may be entered restoring the case to the calendar, and setting it down for trial on the second Wednesday of December.