(34 Misc. Rep. 122.)

## DELLING v. DELLING.

(Supreme Court, Special Term, New York County. February, 1901.)

1. DIVORCE—SERVICE OF SUMMONS.
   Without proof that the person on whom summons and complaint in divorce were served was in fact the defendant named therein, the divorce will not be granted.

2. SAME—ADULTERY.
   Evidence by a co-respondent is insufficient to prove adultery, unless corroborated.

Action by Stephen Delling against Paulina Delling for divorce. Case set down for further hearing.

P. A. Hatting, for plaintiff.

GILDERSLEEVE, J. The plaintiff, Stephen Delling, brings this action for an absolute divorce against his wife, Paulina Delling. The defendant has not appeared in the action, and the case was tried as an uncontested divorce case. The evidence as to the service of the summons and complaint upon the defendant is not satisfactory. An affidavit of the plaintiff is submitted to the effect that one "Thomas Slattery, the person who served the summons herein, * * * refused to sign the affidavit of service unless I would pay him the sum of two dollars, but acknowledged that he made the service; * * * and, further, I know that service was made, for the reason that I was personally present when said service was made." On the trial Thomas E. Slattery was put on the stand, and swore that he served the summons and complaint on the defendant; but as to the identification of the defendant his testimony is as follows, viz.:

"Q. Do you know the plaintiff in this action, Stephen Delling? A. Yes. Q. Do you know Paulina Delling, the defendant in this action? A. I don't know her, but I know him. Q. Did you ever meet her? A. I have seen her, but I never met her."

This is all the knowledge he apparently possessed upon the subject. He says not a word of the plaintiff's being present at the time, and, even if he had sworn that the plaintiff pointed out the person served as his wife, it would hardly have helped the matter; for the evidence of the plaintiff as to service upon the defendant of the summons and complaint in a divorce suit should be received with extreme caution, even if it can be said to be admissible at all. The witness Slattery should be required to give further and more convincing proof of the identity of the person he claims to have served with the summons and complaint. As to the adultery, the only evidence is that of the witness John Graetter, who swears that he had sexual intercourse with the defendant, and that of the witness Katie Flagg, a half-sister of the plaintiff, who swears she followed the defendant and a man, not the plaintiff, into some woods at Ft. George, New York City, at half-past 9 or 10 o'clock on an evening in the month of August, but the year is not stated. In reply to the question, "Did you see them in sexual intercourse there in the woods that night?" she answers, "Yes." It seems to me that her testimony on this subject is rather too brief, and that she should have been subjected to further examination. With regard to the testimony of the co-respondent, John Graetter, that defendant had committed adultery with him, such evidence should be received with extreme reluctance, and only when corroborated by other proof. See Fawcett v. Fawcett, 29 Misc. Rep. 673, 61 N. Y. Supp. 108.

An order may be entered restoring the case to the calendar, and setting it down for further evidence on Wednesday, February 20, 1901. Ordered accordingly.