(36 Misc. Rep. 231.)

## GLASER v. GLASER.

(Supreme Court, Special Term, New York County. November, 1901.)

**1. Divorce—Alimony Pendente Lite.**

Where, pending a suit for divorce by the wife, she denies on oath the charges of adultery made against her, she is entitled to alimony, unless the evidence is so strong as to render it improbable that she should succeed.

**2. Same—Adultery—Evidence.**

Evidence of a witness that he committed adultery with plaintiff in divorce should be received with extreme care, and only when corroborated by others.

Action by Minnie S. Glaser against Ferdinand Glaser. Motion to vacate an order of alimony, on the ground of wife's adultery.

S. J. Stilwell, for the motion.

G. W. Carr, opposed.

GILDERSLEEVE, J. On or about the 10th of August, 1901, an order was entered requiring defendant to pay alimony at the rate of $10 a week pendente lite. The defendant has apparently paid the same up to the present time. On or about November 11, 1901, defendant made a motion to vacate or modify the said order of August 10, 1901. This motion came on before Mr. Justice Lawrence, and was by him referred to me as the justice who made the original order of August 10th. The only ground for this motion is the alleged adultery of the plaintiff. One Edward S. Fendler swears he had intercourse with her in 1897. One Harry J. Muldoon swears that he had intercourse with plaintiff in 1899. The rule is that the evidence of a man who is willing to swear away the reputation of a woman with whom he claims to have had sexual intercourse should be received with extreme caution, and only when corroborated by other proof. Delling v. Delling, 34 Misc. Rep. 122, 69 N. Y. Supp. 479; Fawcett v. Fawcett, 29 Misc. Rep. 673, 61 N. Y. Supp. 108. The affidavit of one Alfred Lederer is to the effect that he followed a "Mrs. Morgan," whom he asserts to be the plaintiff in this action, and saw her in the company of men. The affidavit of the said Lederer fails to show satisfactorily how he knew this "Mrs. Morgan" to be the plaintiff, or how he made plaintiff's acquaintance. The affidavit of one Mark H. Clark is to the effect that "on one occasion during the years 1897 and 1898" the "defendant" Minnie L. Glaser, known as "Vivian Glaser," came into his saloon, and drank, and stripped off her clothes in the presence of men. The plaintiff denies on oath all these accusations. Lederer swears that "Mrs. Morgan" was a brunette, while plaintiff swears that she herself (the plaintiff) is a blonde; and the plaintiff declares that, so far as she is concerned, the affidavit of Lederer is a tissue of lies. She further denies, under oath, "all the accusations of adultery which defendant or his affiants make." She also submits several affidavits in support of her statements. The rule is well settled that, where the wife denies on oath the charge of adultery, she is entitled to alimony, unless the evidence of her adultery is so preponderating and

convincing as to render it most improbable that she will succeed at the trial. This is not the case here. A speedy trial of the issues herein can be had, and I see no reason why defendant should not continue to pay his wife alimony at the rate of $10 a week pendente lite. The motion is denied, with $10 costs to abide the event.

Motion denied, with $10 costs to abide event.