TURNEY *v.* TURNEY.

The fact of non-cohabitation, in a divorce case, is not sufficiently proved by a witness merely deposing that the parties (since separation) had not resided together "to the best of deponent's knowledge and belief." The persons with whom the wife has resided had better prove the fact.

Nor will a divorce be granted on the unsupported testimony of abandoned women.

*Oct.* 23, 1844.

*Practice.*
*Adultery.*
*Divorce.*
*Husband*
*and wife.*

BILL for divorce *a vinculo matrimonii,* filed by the wife against the husband. It had been taken as confessed; and, on reference, the master deemed the testimony sufficient to warrant a decree.

Two women gave evidence; both showing that they knew the parties in the suit; and each saying she had had connection with the defendant. In signing their depositions they used their mark. And the witness, who proved the marriage, added, in his affidavit, "They (the complainant and defendant) lived together as man and wife until about two or three years ago, when they separated and have not since resided together, to the best of deponent's knowledge and belief. Both complainant and defendant now reside in this city and have resided here for a number of years past."

Mr. *J. R. Brady,* for the complainant.

THE VICE-CHANCELLOR :—The testimony is insufficient as to non-cohabitation. Summers, the witness, testifies but negatively and not to his knowledge. The contrary may exist. He says, both parties reside in the city of New York. If this be so, why has not the complainant produced the per-

sons with whom she has resided since her alleged separa-
tion, in order to show how or in what manner she has lived?
And if she be a chaste and virtuous woman herself, how
does it happen that she is known to the two prostitutes who
have been examined as witnesses. This part of the case
requires explanation.

Besides—as to the fact of adultery: it rests solely on the
testimony of two women whose characters, from their own
showing, disentitle them to any credit. Such testimony may
do when corroborated by facts or circumstances from other
witnesses; but standing alone, as in this instance, a decree
should not be made upon it.

The cause may go back to the master for further proof.