## N. Y. COMMON PLEAS.

### RAYMOND L. DONNELLY agt. KATIE E. DONNELLY.

*Divorce — Evidence in action for, upon ground of adultery — When presumption of innocence should prevail — When counsel fee should be allowed.*

Evidence in actions for divorce upon the ground of adultery should be closely scrutinized, and, unless clearly convincing and *pointed*, the presumption of innocence should prevail. In such actions the defendant is at the mercy of a witness.

Counsel fee should be allowed where the wife has succeeded before the referee, in case the husband desires to further prosecute.

*Special Term, August,* 1882.

THE defendant obtained a report in her favor from the referee dismissing the plaintiff's complaint with costs on the merits, and he moved to set aside and vacate the report, and for a new trial, upon the ground that the referee was not a proper person to try such a case, he having expressed himself

against actions of this character, and also upon the ground that the evidence before the referee was sufficient, and that he should have reported in favor of the plaintiff. The defendant in resisting the motion moved the court for a further counsel fee.

*Rufus F. Andrews*, for plaintiff, in support of the motion.

*J. C. Julius Langbein*, for defendant, in opposition thereto and in support of the motion for a further counsel fee, made and argued the following points: 1. In England as well as in this country, the charge of adultery is, in effect, a criminal charge, and, therefore, if there be any reasonable doubt the accused party is entitled to it (*Dillon* agt. *Dillon*, 3 *Curtis' English Ecclesiastical Reports*, 377, 391 ; *Pollock* agt. *Pollock*, 71 *N. Y.*, 142). 2. The presumption of innocence is almost as strong in respect to alleged acts of immorality, as in respect to the commission of a crime. The prisoner should always have the benefit of the doubt (*Starr* agt. *Peck*, 1 *Hill's R.*, 270). 3. If the plaintiff has money to prosecute his action, he ought to have money to pay the defendant's counsel.

VAN BRUNT, *J.*— I can find in the papers submitted upon this motion no reason for the setting aside of the referee's report, or the granting a new trial in this action.

The allegations of the plaintiff in respect to the conduct of the referee are, in my judgment, entirely unsupported by any proof, and are of such a character which should be supported by clear proof before they could possibly be received by the court, because, if true, the referee has voluntarily stated to the plaintiff, whom he knew to be bitterly disappointed by the decision that he had made, that he was an improper person to try the issues involved, and that he had knowingly sworn falsely when he took the oath as referee. The referee in this case, it does not seem to me, can have been quite such an idiot

as such conduct would proclaim him to be. The plaintiff asks the court to believe that although the referee had confessed to him his prejudice in actions of this description, which made him an improper person to try the issue involved in this case, he moved to have the case sent back for a rehearing before the referee, never in any manner intimating that he knew that the referee was prejudiced against his case. Such conduct upon the part of the plaintiff would be incredible. The plaintiff in this action is thoroughly pervaded with the idea of the guilt of his wife, and he cannot possibly, prejudiced as he is, conceive how any person hesitates to receive as truth the claim which he advances, no matter what evidence there may be to rebut and what presumptions the evidence of the plaintiff fails to overcome. He is contented with what is done until an adverse decision comes, and then neither his counsel have done their duty nor has the referee done his; the referee [has not taken down all the testimony, and his counsel has not sufficiently summed up the case before the referee; and, as has been already stated, notwithstanding the plaintiff knew of the prejudice of the referee, he, of his own motion, has the case sent back to him for a rehearing. This fact of itself shows conclusively that the plaintiff did not then think that the referee's prejudices unfitted him for his office. The language used by the referee has undoubtedly been perverted by the plaintiff, not necessarily willfully or perhaps knowingly, but sincerely believing that he was right, believing that the referee was persistently wrong in his conclusions, he has brooded over the conversation with the referee until the whole matter has become perverted in his mind. I have examined the evidence taken before the referee and the brief of the counsel for the plaintiff, and I can come to no other conclusion than that no defendant should be convicted of adultery upon such evidence. Every presumption is in favor of the defendant. No matter how easily a defendant could explain or refute circumstances claimed as suspicious or proving guilt, his or

her mouth is closed by the law, for, what reason I cannot imagine, since even a defendant in a criminal case is allowed to go upon the stand to testify. For this reason evidence in cases of this kind should be closely scrutinized, and unless clearly convincing and *pointed*, the presumption of innocence should prevail. A defendant in a divorce case is at the mercy of any witness, and I should be loath to find any woman guilty upon the evidence of any one witness testifying to an act from which adultery is to be inferred, uncorroborated by any evidence of the slightest improper conduct either before or after the one act attempted to be proved. I speak of the evidence of one witness because, in this case, I do not think that the identification of the defendant by the witnesses, Stratton, is to be relied upon.

The motion for additional counsel fee should be granted.

If the plaintiff has money enough to prosecute this action, he ought to be able to find money to pay the counsel for the defendant, she having succeeded upon the trial of this action.

An additional counsel fee of seventy-five dollars seems to me to be very reasonable under the circumstances, and the motion is granted to that extent.