UNITED STATES, RESPONDENT, *v.* ANDREW J. KERSHAW, APPELLANT.

CRIMINAL LAW.—TESTIMONY OF ACCOMPLICE.—ADULTERY.—On the trial of a defendant for adultery, the testimony of the person, with whom the adultery was committed, that the crime was committed was corroborated by testimony of other witnesses, that the person so testifying was the polygamous wife of defendant, that she had two children by him, that she had resided on property owned by him, and was residing a short distance from the residence of the legal wife. *Held*, that the testimony of the accomplice was sufficiently corroborated to sustain a conviction.

ID.—VENU IN INDICTMENT.—In an indictment where an allegation of the district is followed by an allegation of the county, the latter allegation is surplusage and it is immaterial whether it is sustained by the testimony or not.

APPEAL from a judgment of the district court of the first district, and from an order refusing a new trial. The opinion states the facts.

*Mr. James N. Kimball,* for appellant.

*Mr. George S. Peters,* for respondent.

BOREMAN, J.:

The defendant was indicted for adultery, was found guilty, and sentenced to imprisonment in the penitentiary, .—motion for a new trial having been made and overruled. Defendant has appealed, both from the judgment and from the order overruling the motion for a new trial. The defendant contends that Mary E. Ramsden, the person

with whom the adultery was charged to have been committed, was an accomplice, if he committed the offense; that her testimony was the only testimony as to the act for which he was convicted; and that she was not corroborated by other evidence which, in itself, tended to connect him with the commission of the offense. Our statute provides that "a conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence which, in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof." Crim. Proc. Act, sec. 273, (Laws 1878, p. 118). The testimony of Rose W. Kershaw shows that Mary E. Ramsden is the recognized polygamous wife of the defendant; that she has had two children by the defendant, the one four years old, and the other two years old; that in the family they are recognized as the children of the defendant; that she has resided on property owned by the defendant, and that, upon her return after an extended absence in Rich county, she went back to reside in property of the defendant, on his farm, and about half a block from the residence of the legal wife of defendant, and where he was living. It does not appear that the defendant made any objection to Mary's return to the residence on the farm, and nothing seemed to have occurred to change the relationship between the defendant and Mary, or that anything had occurred to which he had taken exceptions. The presumption from all the circumstances would be that the relationship that had exsisted prior to that time between Mary and the defendant continued, and they point to him as the probable father of Mary's then unborn child. The facts tend to connect the defendant with the commission of the offense, aside from the testimony of Mary herself. The facts given in evidence by Rose W. Kershaw thus corroborated Mary as to defendant's guilty connection with her.

The indictment charged that the offense was committed "in the said district, territory aforesaid, and within the jurisdiction of this court, to-wit, in the county of Weber and

territory of Utah." The court instructed the jury that before they could find the defendant guilty the prosecution must show beyond a reasonable doubt that the defendant had "had sexual intercourse with Mary E. Ramsden, in the county of Weber, in this territory and district."

The words "in the county of Weber," in the indictment, were not descriptive of the offense, but were pleaded as venue; and naming the district is sufficient venue. If the offense had been committed anywhere in the district it was sufficient. It was not necessary that it be proved to have been committed in any particular county of the district. The statement of the name of the county, in the indictment, was therefore unnecessary, and might be treated as surplusage. The fact that the court instructed the jury that they must find that the offense was committed "in the county of Weber," before finding a verdict of guilty, was an error which did the defendant no injury or damage; and if the evidence did not support the allegation, and if the jury had disregarded that part of the instruction, it would be no ground for setting the verdict aside, or for reversing the order or judgment of the court below. There cannot be said to be any legal variance between the proof and the allegation when the allegation is immaterial, and may be treated as surplusage. We see no error in the action of the court below in overruling the motion for a new trial, or in giving judgment against the defendant. The order and judgment of the court below are affirmed.

HENDERSON, J., concurred.

ZANE, C. J., concurred in the conclusion arrived at in the opinion.