## STATE *vs.* JAMES SHEDRICK.

### January Term, 1897.

Present: Ross, C. J., ROWELL, TYLER and START, JJ.

*Former Acquittal—Maiden.*

The respondent to an indictment for adultery pleaded in bar his former acquittal of a charge of rape upon the same person, the indictment for adultery describing the female as a "maiden" and her testimony upon the trial for rape having been that she had never before had connection with a man. *Held*, insufficient; the word, "maiden," meaning a young unmarried woman, not necessarily one who had preserved her chastity.

INDICTMENT FOR ADULTERY. Plea, former acquittal.
Replication, traverse. Trial by court at the December
Term, 1896, Windsor County, *Munson*, J., presiding. Plea
overruled. Respondent adjudged guilty, in default of
further plea. The respondent excepted.

*Wm. B. C. Stickney* for the respondent.

The offenses charged in the two indictments are in legal
effect the same transaction. If it had turned out that the
girl was above the age of consent, the offense would have
been adultery, the respondent being married. Hence the
two indictments, both found by the same grand jury, were
intended to describe the same transaction. The identity of
the parties appears. The identity of the transaction (that
is, carnal knowledge of the same parties) appears. Looking
to the indictment only, the identity of time appears. See
*State* v. *Norton*, 45 Vt. 258.

The true test is, whether the prisoner could have been
convicted on the former indictment; for if he could he must
be acquitted on the second. *Rex* v. *Dann*, 1 Moody, C. C.
424, 426; *Rex* v. *Sheen*, 2 Carr. & P. 634, 639.

When one offense is a necessary element in another offense
and both are in fact but one transaction, an acquittal of
one is a bar to a prosecution for the other. *State* v. *Smith*,
43 Vt. 324.

A crime cannot be split up and prosecuted in parts.
*Jackson* v. *State*, 14 Ind. 327; *Reg.* v. *Elaington*, 9 Cox Cr.
Cas. 86, 90; *State* v. *Cooper*, 13 N. J. Law 361.

The description of the person makes the identity of the
transaction certain. The evidence in the former case was,
"it was the first time any one ever had sexual intercourse
with her." The description in this count is, "she then and
there being a maiden." "A maiden" is "applied to a female
child, to a female who has preserved her chasity, a virgin."
Richardson's Dict. See Century Dict; Shakespeare, Much
Ado about Nothing; IV, I, 40; King Lear, I, 5, last lines;
St. Westm., 3 Edw. I, 25 April 1275, Cap. 13.

*James G. Harvey*, State's Attorney, for the State.

The indictment stands by itself. The act charged is not the act testified to in the prosecution for rape, but was committed later.

Ross, C. J. The contention is, whether the respondent's acquittal of the charge of rape on the facts found by the court, is a bar of the charge of adultery made in the present indictment. Each charge is by indictment, found by the same grand jury, at the same term of court, alleged to have been committed on the same day, upon the same female. In the indictment for rape, on which the respondent was acquitted, she is described as a female child under the age of fourteen years, the age of legal consent; and in the indictment for adultery, she is described as a *maiden*, not the wife of the respondent. Both crimes are charged to have been committed on July 20, 1893. The plea in bar was traversed and the trial had by the court. The identity of the respondent in the two indictments, and of the girl upon whom the crimes are charged to have been committed, is found by the court. It is also found that the evidence of the State, on the trial for rape, tended to show that that crime was committed upon the girl when only twelve years old, before the twentieth day of July, 1893; that the girl testified to the commission of the offense, and that it was the first time any one had had sexual intercourse with her. By the verdict the respondent was found not guilty of having committed this offense. The indictments were found at the December Term of the court for 1896. To have an acquittal, or conviction, of one charge bar another, both must arise out of the same transaction. The respondent's counsel concedes this. The county court do not find that these charges arose out of the same transaction. But the respondent's counsel contends that the description of the girl in the indictment for adultery—that she was then a *maiden*—means that she was then a virgin, and, therefore,

the transaction must have been the same to which she testified on the trial upon the indictment for rape. But this is not the usual and ordinary meaning of the word, maiden. Webster's and Worcester's Unabridged Dictionaries give as the first definition of maid and maiden, "an unmarried woman." They also give "virgin" as another definition. The full first definition of the word as contained in the Century Dictionary is, "a young unmarried woman, a girl. Specifically a girl of marriageable age, but applied usually with *little* or some other qualifying term to a female child of any age above infancy." Richardson's English Dictionary gives these meanings to the word: "a female child, a female who has preserved her chastity, a virgin, a female servant." From these definitions, by the foremost lexicographers, it results that the common, ordinary meaning of the word, maiden, is a young unmarried woman, or female. We think the State, in its proof, is not bound to go beyond this meaning of the word, maiden, to answer the description of the girl with whom the crime is charged to have been committed in the present indictment. With this meaning of the descriptive word, maiden, the acquittal of the charge of rape only bars the State from prosecuting the respondent for the adultery arising out of that same transaction, but not from prosecuting him for the commission of adultery with her at another time. There was, therefore, no error in the proceedings in the county court and the respondent takes nothing by his exceptions.

*But, agreeably to the stipulation, judgment and sentence are reversed pro forma, and the cause remanded, that the respondent may have leave to withdraw his plea in bar, and to plead, not guilty, and be tried thereon.*