JOHN FRANEY, Respondent, *v.* CATHERINE FRANEY, Appellant.

*Action for an absolute divorce — evidence that the defendant, the wife, while intoxicated used indiscreet language, is inadmissible.*

On the trial of an action for an absolute divorce brought by a husband against his wife, evidence of indiscreet language used by the wife while under the influence of intoxicants at his home, in the presence of numerous friends of the plaintiff invited by him to be present, is inadmissible.

APPEAL by the defendant, Catherine Franey, from a judgment of Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 19th day of March, 1897, upon the report of a referee granting the plaintiff an absolute divorce from the defendant.

*Philip A. Laing,* for the appellant.

*Charles Oishei,* for the respondent.

PER CURIAM:

This is an action for divorce, brought by the husband against the wife, in which counter charges of adultery are alleged against the husband by the wife, with denials by each party. The issues were tried before a referee, who found the defendant guilty and the plaintiff innocent.

An examination of this case satisfies us that there must necessarily be a new trial. The learned referee erred in refusing to strike out the testimony of numerous witnesses of the occurrence at the home of the plaintiff and defendant on the night of October tenth and on the following day. This evidence has no bearing upon, nor did it tend to support, any of the allegations of adultery as alleged in the complaint. If it tended to show anything, it was only that the defendant was indiscreet in the language which she used, and that she was under the influence of intoxicants at that time, in the home of her husband and in the presence of his numerous friends who had congregated there at the request of the plaintiff. This evidence was clearly inadmissible. It was promptly and duly objected to when offered, and at the close of the evidence the referee's attention was again brought clearly to the evidence, as a motion was then made by the defendant's attorney to strike the same from the record. This motion was denied by the referee, and error was thus committed, which calls for a reversal of the judgment.

We are of the opinion also that the finding of the referee, that the defendant committed adultery on the date and at the place specified in his report, is against the weight of evidence. Certainly if the evidence of the plaintiff against the defendant was sufficiently reliable and convincing to the referee to enable him to base a finding of the commission of adultery by the defendant, at the time and place mentioned in his report, the evidence of the defendant against the plaintiff showing that he had committed the act of adultery alleged against him was as cogent and convincing.

We are satisfied that in the interest of justice the judgment herein should be reversed, and that a new trial should be ordered.

Judgment reversed and a new trial ordered before a new referee, with costs to the appellant to abide the event.