(28 Misc. Rep. 393.)

## LUTZ v. LUTZ.

(Supreme Court, Special Term, New York County.   July, 1899.)

DIVORCE—EVIDENCE.

Where a wife, charged with adultery in an action for divorce brought by her husband, takes the position of absolute innocence, and her testimony, supplemented by that of the man with whom the adultery is charged, is to the effect that she was drugged by her husband, who hired such man to enter her room while she was asleep, which he did without her knowledge, for the purpose of making evidence to support the action for divorce, such testimony cannot be used in support of a secondary theory that, if the adultery was committed, it was with the husband's connivance, as such theory admits the perjury of both witnesses.

Action for divorce by William D. Lutz against Mary E. Lutz. Judgment for plaintiff.

Howe & Hummel, for plaintiff.

Byron Traver, for defendant.

RUSSELL, J.   There is forced upon the court in this case an unpleasant choice of alternatives, and no escape from saying that either the plaintiff or the defendant has been guilty of wrongful conduct. The defendant wife, on the 18th of April, 1898, was found at midnight, in her chamber, in company with Harper, under circumstances which irresistibly require the inference of adultery, unless Harper came there against her will and consent, and surprised her asleep, for the purpose of making evidence to justify a divorce.   While admitting the presence of Harper in her room, she avers, assisted by Harper's testimony, that her husband made an agreement with Harper to compromise her reputation, drugged her on the evening in question, so that she would not notice the presence of an intruder, and intended to carry through a proceeding for divorce by subornation of perjury.   It is therefore necessary either to find the wife committed adultery, or that the husband has done the fouler deed of hiring a man to rob his wife of her honor, destroy her character, separate her from her child, himself drugged her to accomplish this purpose, and sought to sustain his action for divorce through perjury. Without evidence assisting decidedly one or the other of these conclusions, it is far easier to believe in the guilt of the wife than the charge against the husband.   We easily understand the commission of adultery where a weak will without steadfast purpose of rectitude encounters the attraction of opportune temptation, but it is difficult to believe in an apparently respectable person perpetrating such a crime against the wife as she charges, which required the most deliberate malignity and vicious depravity.   The testimony adduced by the wife, who assumes the burden of proving this conspiracy of the husband, does not make the tale more probable.   The witness Harper, on his own confession, is utterly unworthy of belief, admits that he would sell his soul for the $50 alleged to have been offered him, and on the witness stand indicated such a hardened callousness of moral perception as almost justifies the belief of aberration of mind.   The conduct of the wife herself was not entirely consistent

with devotion to a husband, instincts of alarm against attacks upon chastity, and subsequent indignation and perception of what she now claims to have been the criminal conduct of her husband.    She did not indicate quite the proper sense of offended rectitude in regard to the previous evening visit of Harper; and knowing, if the accusation was true, that the extremest instance of infamous cruelty which her husband could have perpetrated upon her was this conspiracy of Harper, of which she had early been advised through her counsel, she entirely omits to plead in her averment of defense and counterclaim of cruelty this severest charge of all, which, if true, would render it utterly impossible for her to again live with her husband.    It is also very apparent that, if the hiring for $50 to swear away the honor of the wife was a fact in aid of divorce, the husband would have continued to pay the mercenary tool, and procure at least silence, if not affirmative evidence.    It is the part of prudence of those who seek to accomplish crime through others to keep their servants well paid, and conscious guilt avoids stimulating motive to expose on the part of the person bribed.    There are many other considerations which tend to confirm, rather than destroy, the presumption that the lighter offense has been committed by one of the parties to this litigation. I find, therefore, that the proof justified the assertion that the wife has committed adultery, and the husband is entitled to the usual judgment of divorce.

I do not overlook the argument of defendant's counsel that the husband may have connived at the adultery between Harper and his wife.    There would have been some possible force in this suggestion upon the evidence had the defendant chosen to rely upon that conclusion.    But such a defense would confess that the wife is a perjurer as well as Harper.    The defendant has taken the position of entire innocence, and of being basely wronged.    If the testimony she offers to convince that her assertion is correct cannot be relied upon to sustain that charge, such testimony is so pointed and unmistakable that it can by no possibility be used to support infidelity by connivance.    The trial of this case illustrates the injustice of the present provisions of law in regard to the competency of husband and wife to testify.    By section 831 of the Code of Civil Procedure, "a husband or wife is not competent to testify against the other, upon the trial of an action, or the hearing upon the merits of a special proceeding, founded upon an allegation of adultery, except to prove the marriage or disprove the allegation of adultery."    It will be thus seen that the law graciously permits the husband in this case, if the wife had charged him with adultery, to go upon the witness stand, and deny any evidence tending to prove such offense; but when, as here, she has charged him, and brought witnesses to sustain the charge, with having committed the fouler crime of drugging her for base purposes, and of perjury, he is excluded from testifying to rebut such evidence and state the fact of his own innocence.    The court was compelled to so rule in the present case.

Judgment for plaintiff.