(29 Misc. Rep. 557.)

ISAACS v. ISAACS.

(Supreme Court, Special Term, New York County. November, 1899.)

DIVORCE—ADULTERY—SUFFICIENCY OF EVIDENCE.

 In an action for divorce there was evidence that defendant left her
home the same day that one B. left his, and that they had been friendly
for some time. On one or two occasions plaintiff's employé, calling at
plaintiff's apartments, found the door locked. It was opened in two or
three minutes, and defendant, fully dressed, was seen in the apartment,
with a man, who on one occasion had his coat off. It did not appear
whether the apartment was a room or flat, nor whether it was warm or
cold. There was no evidence that the man was B., or that defendant and
B. left home together. *Held* insufficient to show adultery.

Action by Morris Isaacs against Bertha Isaacs for divorce. No
appearance for defendant. Order entered restoring the case to the
calendar.

N. S. Levy, for plaintiff.

GILDERSLEEVE, J. The action is for an absolute divorce, insti-
tuted by the husband. The defendant was served with the summons
by publication, and has failed to appear in the action. The evi-
dence of the adultery is that defendant left her home on the same day
that one Besser left his home; that she and Besser had been on
friendly terms for some time previous; that on one or two occasions
an employé of plaintiff had called at the plaintiff's apartment, and
found the door locked; that, two or three minutes after knocking,
the door was opened, and defendant was seen in the apartment, with
a man, who, on one occasion, was without a coat, but that defendant
was fully dressed. Whether the apartment was a flat or a mere
room does not appear, nor whether it was warm or cold. There is
nothing to indicate that the man was Besser, nor that he was in
plaintiff's apartment for improper purposes. The mere fact that
defendant left her home on the same day that Besser left his home
does not prove that they went together. If the plaintiff's apartment
was a flat, it was very natural that the outer door should be locked,
and does not necessarily indicate a criminal purpose on the part of
the defendant. So far as appears from the testimony, the man may
have gone to plaintiff's apartment with perfectly proper motives. I
think the plaintiff should be required to furnish further evidence to
substantiate his charge of adultery. Abandonment does not neces-
sarily imply adultery. An order may be entered restoring the case to
the calendar, and setting it down for trial on the first Wednesday of
December.

 Ordered accordingly.