# SUPREME COURT—APP. DIV.—FOURTH DEPT.,

## July 9, 1912.

## THE PEOPLE ex rel. FAY SHELDON v. ALICE CURTIN, SUPT.

### (136 Supp. 516.)

(1) ADULTERY—SENTENCE—STATE CHARITIES LAW—CONSUL. LAW 1909, CH. 55.

Where a female was committed to the Western House of Refuge for Women for a term of three years unless she shall sooner be discharged by the Board of Managers, and the State Charities Law provides that such commitment shall not be for a definite term, but that such female may be paroled or discharged at any time after commitment by the Board of Managers, and shall, in any case, be detained not longer than three years—it is a substantial compliance with the Statute, and the commitment was not invalid.

(2) SAME.

Although the Charities Act does not specifically name adultery as one of the offenses for which a commitment may be made to the Western House of Refuge for Women, the Statute will be held to include any misdemeanor.

(3) SAME—CONSOL. LAWS 1909, CH. 40, § 102.

The punishment provided for adultery by Penal Law (Consol. Laws 1909, ch. 40) § 102 of imprisonment in a penitentiary or county jail for not more than six months or by fine is not exclusive but is concurrent, and the commitment to the House of Refuge for Women for adultery under the Charities Act was proper.

SPRING and FOOTE, JJ., dissenting.

APPEAL from Orleans County Court.

Habeas corpus by the People of the State of New York, on the relation of Fay Sheldon, as next friend of Ruth Sheldon, against Alice Curtin, as superintendent of the Western House of Refuge for Women. From an order dismissing the writ, relator appeals. Affirmed.

Argued before McLennan, P. J., and Spring, Kruse, Robson and Foote, JJ.

*Kellogg & Crabb,* for appellant.

*C. B. Alverson,* for respondent.

Kruse, J.:

The primary question presented by this appeal is whether the relator was properly committed to the Western House of Refuge for Women, at Albion, upon her plea of guilty to the indictment for adultery, which was made a misdemeanor in this State by an amendment to the Penal Code in 1907 (Laws of 1907, ch. 583), and is now embodied in the Penal Law (Penal Law, §§ 101, 102). The Western House of Refuge for Women was established in 1890 by chapter 238 of the Laws of 1890. By section 8 of that act it was provided that any female between the ages of 15 and 30 years convicted of " petit larceny, habitual drunkenness, of being a common prostitute, of frequenting disorderly houses or houses of prostitution or of any misdemeanor, and who is not insane or mentally or physically incapable of being substantially benefited by the discipline of said institution," might be sentenced and committed to that institution for a term of five years, unless sooner discharged by the board of managers thereof. This provision has ever since been retained substantially in the statute law of this State, and is now embodied in the State Charities Law (Laws of 1909, ch. 57; Consolidated Laws, ch. 55), § 226. Section 226 of that law provides that the commitment shall not be for a definite term, but any such female may be paroled or discharged at any time after a commitment by the board of managers of such institution, and shall not in any case be detained longer than three years.

The commitment in this case is for a term of three years, unless she shall sooner be discharged by the board of managers.

While that is not literally in accordance with the language of the statute, I think it is in substance and effect.

The punishment for adultery, according to the Penal Law (section 102), is imprisonment in a penitentiary or county jail for not more than six months, or by a fine of not more than $250, or both. It is contended that the provisions of section 226 of the State Charities Law, for committing females to the institutions therein named, apply only to the offenses specifically enumerated therein, and to misdemeanors for which no specific punishment is prescribed in the Penal Law, and not to adultery, for which the Penal Law has fixed the punishment, as stated. I think the Charities Act includes any misdemeanor committed by a person within the description covered by that act. The Penal Law provides that, where the performance of an act is prohibited by statute and no penalty for the violation of such act is imposed in any statute, the doing of such act is a misdemeanor (section 29), and that a person convicted of a crime declared to be a misdemeanor, for which no other punishment is specifically prescribed by the Penal Law, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than $500, or by both. Section 1937. In that connection it further provides, generally, that an act or omission which is made criminal and punishable in different ways by different provision of law may be punished under any one of those provisions, but not under more than one, and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision. Section 1938.

I think the relator could have been imprisoned or fined, or both, as the Penal Law provides, or committed under the Charities Act to the Western House of Refuge, as was done. While offenders committed to such institutions may be detained there longer than the ordinary maximum prison sentence prescribed

for the offense of which the offender is convicted, they may also be paroled or discharged at any time by the managers of the institution. Such institutions are especially designed to reform offenders of the class to which the relator belonged, and, while it is a means of punishment, the primary purpose is reformation. This is the more humane policy and has been adopted in other States as well as our own, and in civilized countries generally.

I think the defendant's case falls within that class, and that she was properly committed to the institution from which it is now sought to release her.

The order dismissing the writ of habeas corpus should therefore be affirmed.

McLennan, P. J., and Robson, J., concur.

Spring, J. (dissenting):

Adultery was first made a crime in this State by chapter 583 of the Laws of 1907; and the provisions of that act are incorporated in the Penal Law (sections 100-103). Section 100 defines the crime. Section 101 provides that a " person who commits adultery is guilty of a misdemeanor," and section 102 fixes the punishment as follows:

" A person convicted of a violation of this article is punishable by imprisonment in a penitentiary or county jail, for not more than six months, or by a fine of not more than two hundred and fifty dollars, or by both."

The prisoner was sentenced in pursuance of the provisions of section 226 of the State Charities Law, which I quote so far as pertinent:

"A female between the ages of 15 and 30 years convicted by any court or magistrate of petit larceny, vagrancy, under subdivision three or four of section 887 of the Code of Criminal Procedure, habitual drunkenness, of being a common prostitute, or frequenting disorderly houses or houses of prostitution, or of a misdemeanor  *   *   *   may be sentenced and committed to

the Western House of Refuge for Women at Albion * * * to be there confined under the provisions of law relating to such institution. Such commitment shall not be for a definite term, but any such female may be paroled or discharged at any time after her commitment by the board of managers of such institution, but shall not in any case be detained longer than three years."

The question is whether the punishment specifically prescribed for the crime in the Penal Law must govern in the imposition of the sentence, or may the court, by virtue of the said State Charities Law, extend the term of the punishment beyond that designated for the crime and to a different place of detention than that directed in section 102 of the Penal Law.

Section 2501 of the Penal Law provides:

"All acts and parts of acts which are inconsistent with the provisions of this chapter are repealed, so far as they impose any punishment for crime, except as herein provided."

Section 2188 of the same law contains the following:

" The several sections of this chapter which declare certain crimes to be punishable as therein mentioned devolve a duty upon the court authorized to pass sentence to determine and impose the punishment prescribed (except that the court in certain cases may suspend sentence)."

It is in the Penal Law that we find crimes defined and the measure of punishment to be imposed (section 20); and, unless there is a statute explicitly providing some other punishment for a named crime, the provisions of the Penal Law should prevail in the infliction of punishment upon a person convicted of a crime.

In section 226 of the State Charities Law there are enumerated specific crimes for the conviction of any of which the court may sentence to the House of Refuge, and then is added "of a misdemeanor." We think it was not intended by this act to empower the court to commit a female convicted of a misdemeanor, other than those specified in the Charities Law, to the Albion

House of Refuge where the Penal Law has prescribed a definite punishment for the specific crime which is made a misdemeanor. The inclusion of the term "misdemeanor" in the act mentioned, it would seem, refers to offenses within that general and broad designation where no specific punishment is prescribed in the Penal Law. The Legislature made the offense of adultery a crime, and was precise in defining the punishment to be inflicted on a conviction for its violation. There is nothing in section 226 of the State Chariities Law which indicates any intention on the part of the Legislature to infringe upon or alter the mode or extent of the punishment fixed in the Penal Law. While the State Charities Law provides that the commitment to the House of Refuge shall not be for a definite term, yet the effect of the punishment inflicted upon the prisoner, if carried out, may be to detain her two and one-half years beyond the maximum limit fixed by section 102 of the Penal Law, and we think the court exceeded its authority in thus disregarding that section.

The right of the relator to review by writ of habeas corpus the power of the court in committing the prisoner is challenged by the learned district attorney. His contention is based upon section 515 of the Code of Criminal Procedure, and section 2016, subdivision 2, of the Code of Civil Procedure, which provide that the only method of reviewing a judgment in a criminal action is by appeal, and that a person is not entitled to the writ of habeas corpus where he is detained "by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction." These provisions have long been in force, and their effect has often been construed by the courts. If we are right in the conclusion arrived at as to the want of power of the court to impose the sentence which it did, then the commitment was void on two grounds: (1) In sentencing the prisoner for the term of three years; and (2) in committing her to the House of Refuge.

It has invariably been held that the writ of habeas corpus is available to one attacking the jurisdiction of the court imposing the sentence. Beyond that, there is much support for the proposition that, even though the court has jurisdiction of the person and authority to render a judgment, yet, if it did not possess the power to render the judgment pronounced, it was not the judgment of a competent tribunal within the meaning of that term, and was void. People ex rel. Johnson v. Webster, 92 Hun, 378, 380, 36 N. Y. Supp. 995; People ex rel. Tweed v. Liscomb, 60 N. Y. 559, 19 Am. Rep. 211; People ex rel. Young v. Stout, 81 Hun, 336, 341, 30 N. Y. Supp. 898; People ex rel. Clark v. Keeper, etc., 176 N. Y. 465, 470, 68 N. E. 884; People ex rel. Stokes v. Riseley, 38 Hun, 280; People ex rel. Stabile v. Warden, etc., 202 N. Y. 138, 152, 95 N. E. 729. After a very elaborate review of the authorities, the principle was thus announced in People ex rel. Tweed v. Liscomb, 60 N. Y., supra, at page 591, 19 Am. Rep. 211 et seq.:

"A party held only by virtue of judgments thus pronounced, and therefore void for want of jurisdiction, or by reason of the excess of jurisdiction, is not put to his writ of error, but may be released by habeas corpus. It will not answer to say that a court having power to give a particular judgment can give any judgment, and that a judgment not authorized by law, and contrary to law, is merely voidable and not void, and must be corrected by error. This would be trifling with the law, the liberty of the citizen, and the protection thrown about his person by the bill of rights and the Constitution, and creating a judicial despotism. It would be to defeat justice, nullify the writ of habeas corpus by the merest technicality, and the most artificial process of reasoning. * * * A prisoner condemned for grand larceny, for which the statutory punishment is imprisonment in the State prison for a term not exceeding five years, and who is sentenced for ten years, is not, after the expiration of the first five years, held by ' due process of law,' or the ' judgment of a court of

competent jurisdiction.' * * * If a court having jurisdiction of the person of the accused, and of the offense with which he is charged, may impose any sentence other than the legal statutory judgment, and deny the aggrieved party all relief except upon writ of error, it is but a judicial suspension of the writ of habeas corpus. That writ is alike a protection against encroachments upon the liberty of the citizen by the unauthorized acts of courts and judges, as against any mere arbitrary arrest."

There are many cases where the writ was held not to be the proper remedy, but, as I interpret them, they do not infringe upon the principle adverted to.

In People ex rel. Scharff v. Frost, 198 N. Y. 110, 91 N. E. 376, 139 Am. St. Rep. 801, the relator plead guilty to an indictment charging him with seduction. He was remanded for sentence and intermarried with the woman seduced, and sentence was suspended. Nearly nine months later the suspension of sentence was revoked, and he was sentenced to State prison for a long term of years, and he sought to review the validity of the judgment by writ of habeas corpus, and the court held that the remedy was by appeal, on the ground that the court had jurisdiction " to pronounce the sentence which it did pronounce unless the fact of the defendant's marriage to the complainant was established by competent proof." Inasmuch, however, as the subsubsequent marriage depended upon extraneous proof and the court's determination of that fact did not appear in the record, the relief was denied the relator. Nor was the court authorized to commit the prisoner to the House of Refuge. Section 102 of the Penal Law specified, not only the maximum term of incarceration, but also the place of detention. To imprison a defendant in a State prison where the punishment is by statute limited to the county jail is an excess of jurisdiction invalidating the sentence. The correctness of this principle is well exemplified in this case, as the term in the House of Refuge is not a definite

one and the length of the detention up to three years depends upon the managers of the institution.

The validity of the commitment in this institution may be tested by writ of habeas corpus. In People ex rel. St. Clair v. Davis, 143 App. Div. 579, 583, 127 N. Y. Supp. 1072, 1075, where it was asserted that the relator was illegally committed to the reformatory for women at Bedford, the court in commenting upon the availability of the remedy by habeas corpus used this language:

" To state the case concretely, appellant contends that under no circumstances may a person guilty of the offense of which she stands convicted be sentenced to confinement in the Bedford Reformatory for Women. If that is so, then she is entitled to relief in this proceeding; otherwise not."

The rule obtains that where the prisoner has been sentenced for a longer term than can be legally imposed he may not be discharged, but remanded for resentence. People ex rel. Bedell v. Kinney, 24 App. Div. 309, 48 N. Y. Supp. 749 ; People v. Kelly, 97 N. Y. 212. These cases have no application to the present review, for the reason that the prisoner at the time the application for the writ was made had been detained more than nine months, which was in excess of the maximum sentence which could have been inflicted.

The order dismissing the writ should be reversed, and the prisoner discharged from custody.

FOOTE, J., concurs.

---

## NOTE ON ADULTERY.

*EDITOR'S NOTE.*

*Adultery having been made a crime in New York within comparatively recent years, by what is now Article 8 of the Penal Law, there are no reported criminal decisions in this State interpreting the law on this subject—one which is liable to become of considerable importance in the future.*

*The following note is therefore of necessity confined, as far as criminal*

*decisions are concerned, to the law as interpreted by the courts of other jurisdictions, and care should be taken in each instance to refer to the various statutes themselves, before seeking to determine whether the citation given is properly applicable to cases arising under the New York Statute.*

*In particular, in dealing with the sub-headings Indictment and Evidence, attention is directed to general notes on those subjects, to be found elsewhere in this Series.*

*The present note is inserted with the idea that the practitioner who finds himself called upon to deal with a subject upon which there is practically no case-law in this State, will find it of value.*

### GENERALLY—DEFINITIONS.

Defined as the voluntary sexual intercourse of a married person with a person other than the offender's husband or wife.    Bouvier's Law Dict. Black Law Dict.

Defined as the sexual intercourse of two persons, either of whom is married to a third person.    Section 100, Penal Law.

According to ecclesiastical law, the offense of adultery is defined by Godophin as the "inconstancy of married persons, or of persons whereof the one at least is under the conjugal vow."    State v. Searle, 56 Vt. 516.

The civil law defines adultery to be "the carnal knowledge of another man's wife."    Smitherman v. State, 27 Ala. 23.

By the civil law adultery could be committed only by the unlawful sexual intercourse of a man with a married woman.    The connection of a married man with a single woman does not make him guilty of the crime of adultery.    Commonwealth v. Call, 21 Pick. (Mass.) 509.

### GENERALLY—AT COMMON LAW.

Adultery as a crime was unknown at common law.    State v. Lash, 16 N. J. L. 380; State v. Cooper, 16 Vt. 551.

### SAME—UNDER CANON LAW.

Held to be a crime, and punishable by ecclesiastical censure.    State v. Rot, 17 Iowa 336.

Included all cases of marital incontinence, whether committed by a married man with a single or married woman, or by a married woman with a single or married man.    Commonwealth v. Kilwell, 1 Pittsb. (Pa.) 255.

### SAME—STATUTORY PROVISIONS.

Not punishable unless made so by statute, it not being a common law offense. State v. Brunson, 2 Bailey (S. C.) 149.

A statute defining adultery to be the unlawful voluntary sexual intercourse of a married person with one of the opposite sex is not invalid for uncertainty in that it fails to define what constitutes sexual intercourse. State v. Whealey, 5 S. D. 427.

Conspiracy to commit adultery is also made an offense in some states, but a mere agreement between a man and a woman to commit the offense is not indictable as a conspiracy to commit the crime. Miles v. State, 58 Ala. 390.

Solicitation to commit adultery is not an indictable offense unless made so by statute. Smith v. Commonwealth, 54 Pa. St. 209.

Solicitation cannot be considered as an attempt to commit the offense. State v. Butler, 8 Wash. 194.

Where both parties are married, each party, if guilty of any offense is guilty of adultery. State v. Chandler, 96 Ind. 591.

Where either party is married, under some statutes the offense is complete, and both parties are guilty. State v. Weatherby, 43 Me. 258; State v. Taylor, 58 N. H. 331.

Where the man is married and the woman is single, under some statutes it has been held that the man is guilty of adultery. State v. Fellows, 50 Wisc. 65; Commonwealth v. Call, 21 Pick. (Mass.) 509.

Under others that the man is not guilty of adultery. State v. Connoway, Tappan (Ohio) 90.

Under others that the man is guilty of fornication—which is not a crime under New York Statutes. State v. Lash, 16 N. J. L. 380.

Where the woman is married and the man is single, it has been held that both the man and woman are guilty, under some statutes. Names v. State, 20 Ind. App. 168.

*The Cyclopaedia of Law and Procedure, volume 1, page 953, states that since the gist of the crime, independent of statutory enactments, is the danger of introducing spurious heirs into a family, whereby a man may be charged with the maintenance of children not his own, it would seem to be the better doctrine that a man cannot be guilty of adultery by sexual intercourse with an un-married woman, citing numerous decisions, but this*

*was written prior to 1907, when adultery was made a misdemeanor under the laws of New York, by the passage of chapter 583 of the Laws of that year, which subsequently became section 100 of the Penal Law.*

*There are no decisions in New York, determining whether an un-married person, or a married man having sexual intercourse with an un-married woman, may be guilty of the crime, but from the plain reading of the New York Statute, and an examination of similar statutes in other states and the decisions thereunder, some of which are cited above, it would seem that the evident intent of the New York Statute was to punish both parties, irrespective of the single or married status or the sex of either of them, providing the other party is married.*

ELEMENTS OF OFFENSE—CONSENT OF FEMALE.

The woman's consent is not a necessary element of the crime, and although the connection was effected by force and against her will, the man may be nevertheless guilty. State v. Sanders, 30 Iowa 582.

The fact that the woman was drugged at the time of the commission of the offense, and in consequence, was not guilty, will not excuse the man, even where the two are jointly indicted. Commonwealth v. Bakeman, 131 Mass. 577.

The act made a misdemeanor under section 100 Penal Law, according to the circumstances, may also constitute rape, either in the first or the second degree, under section 2010, Penal Law.

While it is true that, to constitute adultery, there must be a joint physical act, it is certainly not true that there must be a joint criminal intent. Alonzo v. State, 15 Tex. App. 378.

SAME—MISTAKE AS AN EXCUSE.

The fact that defendant is guilty of the crime of adultery through an erroneous belief that he or she is acting within the provisions of law, held no excuse for the commission of the crime. State v. Cody, 111 N. C. 725.

Guilty knowledge or intent is not an element of the offense and need not be proved. Fox v. State, 3 Tex. App. 329.

In marriage the law does not presume death until after an unexplained absence of seven years, and a party to a marriage who remarries and cohabits before the expiration of such period, may be guilty. State v. Henke, 58 Iowa 457.

And in such a case the first marriage is presumed to continue until a dissolution by decree of divorce, or by death, is shown. People v. Stokes, 71 Cal. 263.

The fact that the parties thought they had the right to marry, and were advised to such effect, will afford no excuse, where one of them had a husband or wife living at the time of the contracting of the adulterous marriage. State v. Goodenow, 65 Me. 30.

A woman held not criminally guilty of adultery, unless she had knowledge of a prior marriage on the part of her husband, or continued to cohabit with him after acquiring such knowledge. Vaughn v. State, 83 Ala. 55.

One is guilty who, erroneously believing himself to have been legally divorced, remarries and cohabits under the second and invalid marriage. State v. Whitcomb, 52 Iowa 85.

Defendant may be convicted after a second marriage, where his decree has been set aside for fraud in its procurement. State v. Watson, 20 R. I. 354.

The facts that the wife obtained a divorce on account of the fault of her husband, and that he subsequently married again in another state, do not render him guilty of adultery. State v. Weatherby, 43 Me. 258.

INDICTMENT.

For forms, see Love v. State, 27 So. (Ala.) 217; State v. Mahan, 81 Iowa 121; State v. Hutchinson, 36 Me. 261; State v. Clawson, 30 Mo. App. 139; Lord v. State, 17 Nebr. 526; State v. Tally, 74 N. C. 322; Helfrich v. Commonwealth, 33 Pa. St. 68; Fox v. State, 3 Tex. App. 329; State v. Miller, 60 Vt. 90; Ketchingman v. State, 6 Wisc. 426.

SAME IN STATUTORY LANGUAGE.

Whether an indictment in the words of the statute is sufficient or not depends upon the manner of stating the offense in the statute; if every fact necessary to constitute the offense is charged or necessarily implied by following the language of the statute, an indictment in such language is sufficient, otherwise not. State v. Miller, 60 Vt. 90.

In some states it is made a special offense for a white person and a negro to live together in adultery, and where such statutes exist, it has been held sufficient to charge the offense in the words of the statute. Love v. State, 27 So. (Ala.) 217.

Where the indictment sets out the elements of the offense of adultery, it will be held good, although it attempts to set out another crime. Disharoon v. State, 95 Ga. 351.

Where the indictment sets out the offense with common law strictness and particularity, defendant is not as a matter of legal right, entitled to further specifications of the crime with which he is charged. State v. Bridgman, 49 Vt. 202.

An indictment which contains the facts constituting the crime is sufficient although it does not set out the technical name of the crime. State v. Baldy, 17 Iowa 39.

### SAME—AGE OF FEMALE.

An averment of the woman's age is surplusage, and need not be proved if the indictment states facts necessary to make out the crime. State v. Ean, 90 Iowa 534.

### SAME—DESCRIPTION.

In indictment against a white man and a negro need not set out the race of each. Mulling v. State, 74 Ga. 10.

The term "maiden" used in an indictment for adultery does not necessarily mean a virgin, but merely a young unmarried woman. State v. Shedrick, 69 Vt. 428.

Held no ground for an arrest of judgment that the indictment against two defendants described the female as a "spinster." State v. Guest, 100 N. C. 410.

### SAME—PLACE.

While unnecessary to allege the particular place within a county where the unlawful act was committed, yet it must appear from the evidence that it was within the jurisdiction of the court. Commonwealth v. Horton, 2 Gray (Mass.) 354.

### SAME—TIME.

The time of the act is immaterial. Commonwealth v. Merriam, 14 Pick. (Mass.) 518.

### SAME—OTHER ACTS.

Where the indictment in one count charges defendant with several acts of adultery with the same person at different times, it charges more than one offense and is void for duplicity. Commonwealth v. Fuller, 163 Mass. 499.

## SAME—TECHNICAL ERRORS.

The allegation that the offense was committed in "one thousand, eight hundred and nine-seven" is sufficient to show its commission in 1897. Wood v. State, 51 S. W. (Tex.) 235.

Where the indictment charged the offense to have been committed in 1800, it was held that it could not be amended by inserting the words "sixty-eight" in a blank left unfilled in the indictment. Commonwealth v. Seymour, 2 Brewster (Pa.) 567.

## SAME—VARIANCES.

No variance if the evidence shows that the crime was not committed on the very day charged in the indictment. State v. Briggs, 68 Iowa 416.

## SAME—CARNAL KNOWLEDGE.

Any term or expression which clearly conveys the idea of illicit connection is sufficient to aver carnal knowledge. Gorman v. Commonwealth, 124 Pa. St. 536.

An allegation that defendant "did commit adultery" was held sufficient without otherwise alleging carnal knowledge, since such term not only implied but expressed carnal knowledge. Helfrich v. Commonwealth, 33 Pa. St. 68.

Where the indictment alleged that the defendant was found in bed with another man's wife "under circumstances affording presumption of an illicit and felonious intention," it was held bad for not alleging what the illicit and felonious intention was. State v. Miller, 60 Vt. 90.

## SAME—MARRIAGE.

Must be alleged that at least one of the parties was married at the time the act of adultery was committed. Commonwealth v. Reardon, 6 Cush. (Mass.) 78.

In Alabama, where adultery consists in the illicit commerce of two persons of different sexes, one of whom at least is married, it has been held unnecessary to allege that either person is married, since the term "adultery" implies that fact without further allegation. State v. Hinton, 6 Ala. 864.

Where the indictment alleges that defendant is a married man, it is sufficient without alleging that the other party was a married woman, but it may allege that both parties were married. State v. Hutchinson, 36 Me. 261.

And the allegation as to marriage must specify that the marriage was to some other person than the person with whom the crime was committed. State v. Clark, 54 N. H. 456.

An allegation that the woman is the lawful wife of another man is a sufficient allegation that she is not the wife of the defendant. Names v. State, 20 Ind. App. 168.

Where the indictment alleged the name of the wife and further alleged that the defendant committed adultery with another named woman, without otherwise alleging carnal knowledge, it was held sufficient without a further allegation that the latter was not his wife. Helfrich v. Commonwealth, 33 Pa. St. 68.

SAME—GUILTY KNOWLEDGE.

Where guilty knowledge is a part of the definition of the offense, it must be averred. Fox v. State, 3 Tex. App. 3.

Upon an indictment for incestuous adultery, it is not necessary to charge a common knowledge of the relationship, if the charge of knowing the relationship is made against the party indicted. Morgan v. State, 11 Ala. 289.

DEFENSES.

Previous good character is not of itself a good defense. State v. Donovan, 61 Iowa 268.

Because bigamy and adultery are not the same offenses, a former acquittal of the charge of bigamy is no defense. Swancoat v. State, 4 Tex. App. 405.

The innocence of a co-defendant, not enuring to the benefit of the one possessing guilty knowledge, is no defense. State v. Cutshall, 109 N. C. 764.

No defense that parties had no knowledge of the law, and had no intention of committing the crime. State v. Whitcomb, 52 Iowa 85.

But where a woman ceased to cohabit with her husband upon learning of his prior marriage, she may set up her lack of knowledge of such prior marriage as a defense. Vaughn v. State, 83 Ala. 55.

A party cannot set up as a defense that she has subsequently procured a divorce from her husband and married her paramour. Fox v. State, 3 Tex. App. 329.

Remarrying his former wife after a divorce, with knowledge of adultery committed with her by a third person during the former marriage, does not condone the offense of the third person so as to bar a criminal prosecution against such third person. State v. Smith, 108 Iowa 440.

## COMPETENCY OF WITNESSES.

The common law rule to the effect that a *particeps criminis* notwithstanding his turpitude, is not on that account an incompetent witness so long as he remains unconvicted has been applied to prosecutions for adultery. U. S. v. Kershaw, 5 Utah 618.

The accomplice's testimony must be corroborated. Merritt v. State, 10 Tex. App. 402.

A conviction under this article (Article 8 of the Penal Law of New York) cannot be had on the uncorroborated testimony of the person with whom the offense is charged to have been committed. Penal Law, section 103.

The confession of defendant's paramour, if not connected with some act of confession of his own in the nature of a joint acknowledgment, held not admissible. State v. Mims, 39 S. C. 557.

The common law rule, as to the testimony of accomplices in this respect, has been modified by statutes in Texas and Utah.

The reason for the exclusion of testimony of the paramour is founded partly on the identity of interests, and partly on a principle of public policy which deems it necessary to guard the security and confidence of private life even at the risk of an occasional failure of justice. State v. Welch, 26 Me. 30.

The wife is not a competent witness against a co-defendant tried with her husband, if the evidence concern the husband, though it is not directly given against him. Cotton v. State, 62 Ala. 12.

The husband of the woman with whom the adultery is alleged to have been committed is not a competent witness for the prosecution. State v. Gardner, 1 Root (Conn.) 485.

A husband who since the commission of the offense has obtained a divorce is a competent witness to prove the marriage with his former wife. State v. Dudley, 7 Wis. 664.

In Nebraska, Iowa and Texas, by statute, the testimony of the husband or wife is competent. Lord v. State, 17 Nebr. 526; State v. Hazen, 39 Iowa 648; Morrill v. State, 5 Tex. App. 447.

But it is otherwise at common law. Starke v. State, 97 Ga. 193.

By statute in Pennsylvania, the wife is expressly authorised to testify to the marriage, upon a charge of adultery against the husband. Commonwealth v. Mosier, 135 Pa. State 221.

## EVIDENCE—BURDEN OF PROOF.

It not being necessary to prove a criminal intent, which is inferred from the fact of intercourse, any extenuating circumstances must be shown by the defendant. Alonzo v. State, 15 Tex. App. 378.

Burden on defendant who alleges death of absent husband or wife, seven years not having elapsed since disappearance. Cameron v. State, 14 Ala. 546.

Where defendant cohabited with a man following an apparently valid marriage between them, burden is upon the prosecution to show that she knew he had a wife living. Banks v. State, 96 Ala. 78.

## SAME—ADMISSIBILITY.

Declarations of defendant while being arrested are admissible upon the trial, where, at the time they were made, no charge had been made against him, and they were couched in such language as suggested no hope or fear on his part. Love v. State, 27 So. (Ala.) 217.

Admissions or confessions of one co-defendant held not admissible against the other. State v. Berry, 24 Mo. App. 466.

Evidence as to chastity of defendant admissible. Blackman v. State, 36 Ala. 295.

Two defendants cannot be jointly convicted of a single act of adultery upon the admission by one of an act of adultery committed at one time, and the admission by the other of a different act committed at a different time. Commonwealth v. Cobb, 14 Gray (Mass.) 57.

Mere suspicion or jealousy cannot be adduced as evidence. State v. Crowley, 13 Ala. 172.

Evidence may be introduced of prior acts of familiarity between the same parties, as tending to establish an adulterous disposition. Commonwealth v. Durfee, 100 Mass. 146.

Resemblance of a seven-months'-old child to its reputed father is inadmissible to establish paternity. Hilton v. State, 53 S. W. (Tex.) 113.

Facts tending to prove a similar, although distinct, crime, held admissible for the purpose of raising an inference or presumption that the defendant committed the particular crime charged. Commonwealth v. Nichols, 114 Mass. 285.

Evidence that on other occasions than that of the alleged offense defendant's husband had accused her of similar acts, of which she was not guilty, held irrelevant. Commonwealth v. Trider, 143 Mass. 180.

## SAME—WEIGHT AND SUFFICIENCY.

Evidence wholly circumstantial may be sufficient to support a conviction. Commonwealth v. Gray, 129 Mass. 474.

Positive proof of the act is not required, and from the nature of the offense, is not easily made. State v. Poteet, 30 N. C. 523.

The fact that defendant and the woman were seen hugging and kissing for half an hour in a cemetery during the day-time is not sufficient to justify a conviction. State v. Wiltsey, 103 Iowa 54.

Nocturnal visits, and the fact that defendant was seen in bed with the woman, are circumstances which lead to the reasonable conclusion of adultery. Blackman v. State, 36 Ala. 295.

Not necessary to prove emission. Commonwealth v. Hussey, 157 Mass. 415.

As to the necessity of proof of marriage, see State v. Brink, 68 Vt. 659.

## NEW YORK DECISIONS IN CIVIL CASES—GENERALLY.

*The citations under this sub-heading being from cases dealing primarily with the question of divorce, their value in criminal cases is necessarily limited by the rules of practice governing criminal procedure, especially as to the Burden of Proof, the Weight and Sufficiency of Evidence, the Presumption of Innocence, etc., etc.*

Evidence of adultery should be closely scrutinized, and unless clearly convincing and pointed, the presumption of innocence should prevail. Donnelly v. Donnelly, 63 How. Pr. 481.

Although presumptive evidence alone is sufficient to establish the fact of adulterous intercourse, the circumstances must lead to it, not only by fair inference but as a necessary conclusion; appearances equally capable of two interpretations, one an innocent one, will not justify the presumption of guilt. Evidence simply showing full and frequent opportunity

for illicit carnal intercourse, is not alone sufficient to found an inference that the criminal act was committed. Pollock v. Pollock, 71 N. Y. 137.

The mere fact that a defendant wife in an action for divorce left her home on the same day as her alleged paramour left his does not prove that they went together or substantiate the adultery. Isaacs v. Isaacs, 29 Misc. 557.

The courts must take such evidence of adultery as the nature of the case permits, circumstantial, direct or positive; and bring to bear upon it the experiences and observations of life, and thus weighing it with prudence and care, give effect to its just preponderance. Moller v. Moller, 115 N. Y. 466.

The fact of adultery may be established by proof of such facts and circumstances as, under the rules of evidence, are competent to be proved, and which satisfy the mind of the court of the truth of the charge. Not necessary in civil cases to satisfy the mind beyond a doubt or to lead the judgment as a necessary conclusion to the determination that adultery has been actually committed. Allen v. Allen, 101 N. Y. 658.

*Above case probably inapplicable to a criminal prosecution, because of the rule as to preponderance of evidence and reasonable doubt.*

Fact of adultery need not be proved by direct evidence, but generally may be made out from circumstances. Mulock v. Mulock, 1 Edw. Ch. 14.

## SAME—EVIDENCE OF OPPORTUNITY.

Evidence of full and sufficient opportunity for illicit intercourse is not, of itself, sufficient. Pollock v. Pollock, 71 N. Y. 137.

On proof that a wife was found at midnight with a man not her husband, under circumstances which irresistibly required an inference of adultery, the court will find her guilty of that offense in preference to accepting her version, although supported by the testimony of her paramour. Lutz v. Lutz, 28 Misc. 393.

Proof of opportunity without proof of inclination insufficient. Hutchinson v. Hutchinson, 53 Misc. 438.

Evidence of full opportunity not of itself sufficient. Pollock v. Pollock, 71 N. Y. 137.

Evidence of association, frequent interviews, and intimacy, will not sustain the charge, without credible evidence of improper conduct or familiarities, or of any criminal attachment, especially where evidence shows meeting may have been for proper purposes. Conger v. Conger, 82 N. Y. 603.

## SAME—CIRCUMSTANTIAL EVIDENCE.

Evidence of indiscreet language on the part of the defendant when under the influence of liquor and in the presence of friends of her husband invited by him to be present, inadmissible. Franey v. Franey, 28 App. Div. 50.

Mere impressions of witnesses as to existence of improper relations inadmissible. Pettus v. Pettus, 37 Misc. 315.

## SAME—PREVIOUS ACTS.

Evidence of previous act of intercourse admissible to show lascivious disposition. Roth v. Roth, 90 App. Div. 87.

But held that acts of adultery not charged cannot be proved for any purpose. Germond v. Germond, 6 Johns. Ch. 37.

Evidence of indiscretions with other men, inadmissible to show lustful disposition. Stevens v. Stevens, 54 Hun 790.

Registering at a hotel under assumed names as husband and wife, held sufficient to justify decree of divorce. Kerr v. Kerr, 134 App. Div. 141.

## SAME—VISITS TO HOUSES OF ILL-FAME.

Proof of two or three visits to a brothel by a husband, unaccompanied by a woman, held insufficient evidence of adultery. Van Epps v. Van Epps, 6 Barb. 320.

But otherwise as to a woman. Shelf on Marriage and Divorce 409.

## SAME—CONTRACTION OF VENEREAL DISEASE.

Husband having venereal disease long after marriage prima facie evidence of adultery. Johnson v. Johnson, 14 Wend. 637.

Stains on linen, supposed to result from venereal disease, held insufficient. Ferguson v. Ferguson, 1 Barb. 604.

## SAME—CONFESSIONS.

Not alone sufficient. Lyon v. Lyon, 62 Barb. 138.

Where witness, brother of defendant, testified to confession, held insufficient. Phillips v. Phillips, 24 Misc. 334.

## SAME—TESTIMONY OF PARAMOURS, DETECTIVES AND PROSTITUTES.

The admission of the criminality by a paramour should be received with caution, and should be corroborated. Otherwise where the paramour denies the guilt. Pollock v. Pollock, 71 N. S. 137.

Proof of adultery by paramours should be received with great reluctance, and must be corroborated. Delling v. Delling, 34 Misc. 122.

Unsupported evidence of defendant's paramour subject to the same objections as the evidence of other accomplices. Anon. 5 Robt. 611.

Uncorroborated testimony of prostitute insufficient. Turney v. Turney, 4 Edw. Ch. 566.

Proof of illicit intercourse with a notorious prostitute before marriage and a continuance of the intimacy afterwards, together with evidence of defendant's dissolute character and habits, sufficient evidence. Van Epps v. Van Epps, 6 Barb. 320.

Uncorroborated testimony of a prostitute paid for testifying and of the detective who employed her, is not enough. Bentley v. Bentley, 3 Monthly Law Bulletin 76.

Evidence of servants who have lived in house of ill-fame, uncorroborated, insufficient. Platt v. Platt, 5 Daly 295.

Testimony of prostitutes and private detectives requires corroboration, but where it is the only evidence obtainable, it must be taken for what it is worth, and where it is adduced on both sides, the preponderance must be weighed. Mott v. Mott, 3 App. Div. 532.

## SAME—COMPETENCY OF WITNESSES—HUSBAND AND WIFE.

A husband or a wife is not competent to testify against the other upon the trial of an action * * * founded upon the allegation of adultery, except to prove the marriage, or disprove the allegation of adultery. Code of Civil Procedure, section 831.

_It would seem that the above provision would apply to criminal proceedings under sections 100 to 103, Penal Law, in the absence of any other provision of the Penal Law covering the matter._

In an action for alienation of affection with criminal conversation, the plaintiff may testify that his wife in his presence, addressed a letter to the defendant acknowledging her criminal relations with him and a copy of such letter may be introduced in evidence to contradict the wife's denial as it is not a confidential communication. Weston v. Weston, 86 App. Div. 129.

All communications between husband and wife are not privileged and a party seeking to exclude evidence of such communications must specify the ground of his objection; an objection that the evidence is immaterial and irrelevant is insufficient. Lunham v. Lunham, 133 App. Div. 215.