THE PEOPLE OF THE STATE OF NEW YORK, Respondents, *v.* CHARLES D. SUTTON, Appellant.

*Supreme Court, Second Department, General Term, June* 28, 1889.

*Criminal law. Validity of sentence.*—A sentence for assault in the third degree, imposing imprisonment for one year and a fine of $250, and directing defendant to be imprisoned not to exceed one day for each dollar of said fine, etc., is in accordance with the Code. When the defendant has served out the term of his imprisonment, he can apply for a *habeas corpus,* and test the question upon that part of the sentence which imposes the fine, but he can have no relief until that time.

*Nelson H. Baker,* district attorney, for respondents.

*Hiram Paulding,* for appellants.

PRATT, J.—This is an appeal from a judgment of conviction of assault in the third degree.

There is no error in the judgment. By the Penal Code assault in the third degree is punishable by imprisonment for not more than one year, or by a fine of not more than $500, or both; section 222. The imposition of a fine is in addition to the sentence of imprisonment.

Section 718 of the Code of Criminal Procedure provides that where a fine is imposed a convict may be imprisoned until the fine is paid. The sentence imposed in this case was as follows: * * * "for the term of one year and to pay a fine of $250, and be imprisoned not to exceed one day for each dollar of said fine," etc.

The sentence was in accordance with the Code. When

the defendant has served out the term of his imprisonment he can apply for a *habeas corpus*, and test the question upon that part of the sentence which imposes the fine, but he can have no relief now as the sentence is within the term of the law. If it shall turn out that the part of the sentence imposing the fine is void for uncertainty he can be discharged, but until then he is held under a perfectly valid sentence.

We see no error in the judgment, and the sentence seems to be in the exact form prescribed by law.

Judgment affirmed.

All concur.