THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN O'BRIEN,
Appellant, *v.* MELVIN J. WOODWORTH, Sheriff of the County of
Wyoming, Respondent.

*Habeas corpus — sentence of a prisoner to legal imprisonment and an illegal fine —*
*an application, pending the term of imprisonment, is premature.*

An application for a writ of habeas corpus was made by a prisoner, who, at the
time of making the same, was in the custody of the sheriff by virtue of a final
judgment of a court which had the power to impose a sentence of imprisonment
for a misdemeanor for a term of six months, and which had sentenced such
applicant to imprisonment for sixty days, and to pay a fine of $100, and to
stand committed to jail until the payment of such fine, not exceeding 100
days.   Neither at the time the application was made for the writ nor upon the
return day thereof had the prisoner served the sixty days' sentence.

*Held,* that as the sixty days' imprisonment was lawful, until that part of the
sentence had been served the prisoner was not in a position to raise the question
as to the illegality of the $100 penalty.

*Semble,* that had the court not had authority to impose a fine larger than fifty
dollars the prisoner would, on an application made at the end of the sixty days,
be entitled to his liberty, as he could not be deprived of his option of either
paying the fine or serving the term of imprisonment.

APPEAL by the relator, John O'Brien, from an order of the
Supreme Court, made at Chambers on the 15th day of March, 1894,
denying the relator's motion for his discharge and remanding him to
the custody of the sheriff of the county of Wyoming.

*Charles D. Newton,* for the appellant.

*George W. Botsford,* for the respondent.

LEWIS, J.:

The relator was indicted at the Court of Oyer and Terminer of
Wyoming county on the 8th day of December, 1893, for violation
of the Excise Law.   By an order duly made the case was sent to the
Wyoming Court of Sessions.   On the 8th day of January, 1894,
the relator pleaded guilty to the indictment, and on the fifteenth of
the same month he was sentenced by said court to be imprisoned in
the county jail for a period of sixty days and to pay a fine of $100,
and stand committed to the Wyoming county jail until said fine was
paid, not exceeding 100 days.   On the 26th day of February, 1894,

PEOPLE ex rel. O'BRIEN v. WOODWORTH.    587

Hun.]                FIFTH DEPARTMENT, JUNE TERM, 1894.

the relator procured a writ of habeas corpus, returnable before one of the justices of the Supreme Court on the 5th day of March, 1894. After hearing the parties the application to discharge the relator was denied, and he was remanded to the custody of the sheriff of the county of Wyoming, and from that order the relator appeals to this court.

It is the contention of the relator that in sentencing him the Court of General Sessions exceeded its jurisdiction in so far as it imposed the money penalty, and that the judgment was, therefore, erroneous and void. Our attention is called to section 56 of the Code of Criminal Procedure, which provides that " subject to the power of removal provided for in this chapter, Courts of Special Sessions * * * have, in the first instance, exclusive jurisdiction to hear and determine charges of misdemeanors committed within their respective counties as follows :

Subdivision 32. When a complaint is made to, or a warrant is issued by, a committing magistrate for a violation of the laws relating to excise and the regulation of taverns, inns and hotels, or for unlawfully selling or giving to any Indian spirituous liquors or intoxicating drinks."

Section 717 of the same Code provides : " Judgment on conviction. When the defendant pleads guilty or is convicted either by the court or by a jury, the court must render judgment thereon of fine or imprisonment, or both, as the case may require ; but the fine cannot exceed $50, nor the imprisonment six months." The latter section is included in the title relating to proceedings in Courts of Special Sessions. Had the defendant been tried in a Court of Special Sessions, concededly that court would not have had jurisdiction to impose a money penalty exceeding fifty dollars ; but whether section 717 has any application to a case tried in a Court of General Sessions may well be doubted. It does not necessarily follow, we think, because the jurisdiction of a Court of Special Sessions is limited to the punishment mentioned, that the Court of General Sessions had not jurisdiction to impose the penalty for misdemeanors provided by section 15 of the Penal Code, to wit, imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than $500, or by both. The defendant pleaded guilty of a misdemeanor.

But from the view we have taken of this appeal it is not necessary that we should decide the question. At the time the relator applied for the writ he was in the custody of the sheriff by virtue of a final judgment of a competent court, which concededly had the power to impose a sentence of imprisonment for a misdemeanor for the term of six months. The relator was sentenced to imprisonment for sixty days and to pay a fine of $100. He had not, at the time he applied for the writ, nor on the return day thereof, served the sixty days' sentence. The sentence, in that regard, was lawful, and until he had paid that part of the sentence he was not in a position to raise the question as to the legality of the $100 penalty. Had his application been made after the expiration of the sixty days he would then have been in a situation to raise the question as to the legality of the balance of the sentence, and if it had been held that the court exceeded its authority in including in the sentence the fine of $100, he would have been entitled to his liberty, for to hold otherwise would deprive him of the option of paying the fifty dollars, had that been the money penalty, and thereby escaping further imprisonment, but that rule has no application to the sixty days part of the sentence, for that being within the power of the court to impose, he was in any event obliged to serve that much of the sentence.

The order appealed from should be affirmed.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order appealed from affirmed.