PEOPLE ex rel. BEDELL v. KINNEY, Sheriff.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

HABEAS CORPUS—PREMATURITY.

　　Relator in an application for a writ of habeas corpus was sentenced January 23, 1897, to six months' imprisonment on a judgment admitted to have been regular and legal. *Held*, that the court had no jurisdiction on May 7, 1897, to order that relator be released on August 23, 1897, since relief cannot be granted by virtue of a writ of habeas corpus until the relator is entitled to his liberty.

　　Ward, J., dissenting.

Appeal from special term, Niagara county.

Application by the people, at the relation of Charles Bedell, against John F. Kinney, sheriff of Niagara county, for a writ of habeas corpus. From an order entered May 7, 1897, directing the discharge of the relator on July 23, 1897, defendant appeals. Reversed.

The relator was convicted for a violation of the liquor-tax law on the 23d of January, 1897, in the Niagara county court, and sentenced by that court to be imprisoned in the Niagara County Jail at hard labor for the term of 6 months, and to pay a fine of $1,050, or to be imprisoned until the fine was satisfied, not exceeding 1,050 days. The defendant was a saloon keeper in Lockport, N. Y. He had not obtained a liquor-tax certificate. The amount of tax imposed upon a person trafficking in liquors as a keeper of a saloon in

the city of Lockport was in the year 1896, after the enactment of the liquor tax law, $350. Before the expiration of the term of imprisonment, and in April, 1897, a justice of the supreme court issued a writ of habeas corpus, returnable at a special term of that court, to inquire into the cause of the imprisonment of the relator by the sheriff of Niagara county, and directed to him, which writ was issued upon the petition of the relator that he was illegally detained and imprisoned by the sheriff. The sheriff made return to the writ that the relator was in his custody as sheriff, and the true cause of his imprisonment and restraint by him was the sentence aforesaid. Upon the hearing of the writ, the court, at special term, made an order May 7, 1897, that the relator be remanded to the sheriff of Niagara county, and there remain until the expiration of six months from January 23, 1897, and, upon the expiration of the said term of six months, that he be discharged from the custody of the said sheriff. From this order, the sheriff, by the district attorney of Niagara county, appeals to this court.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Abner H. Hopkins, Dist. Atty., for appellant.

FOLLETT, J. The relator was sentenced January 23, 1897; the habeas corpus was issued April 19, 1897; and May 7, 1897, the order appealed from was granted and entered, which directed that the relator be discharged July 23, 1897. It is conceded that the part of the judgment adjudging that the relator be imprisoned for six months is legal and regular. The writ of habeas corpus is a writ of liberty, and relief cannot be granted by virtue thereof until the relator is entitled to his liberty. The proceedings were premature, and the writ should have been dismissed. People v. Woodworth, 78 Hun, 586, 29 N. Y. Supp. 211; People v. Sutton (Sup.) 6 N. Y. Supp. 95; People v. Baker, 89 N. Y. 460.

The order should be reversed, and the proceedings dismissed. All concur, except WARD, J., dissenting.

WARD, J. (dissenting). The court below held that that portion of the sentence which directed that the relator be imprisoned until the fine was satisfied, not to exceed 1,050 days, was not authorized by law, and was void, and for that reason directed that the imprisonment should cease after the expiration of 6 months. The sentence was certainly valid as to the extent of the 6-months imprisonment. People v. Baker, 89 N. Y. 460; People v. Woodworth, 78 Hun, 586, 29 N. Y. Supp. 211; People v. Sutton (Sup.) 6 N. Y. Supp. 95; People v. Liscomb, 60 N. Y. 559, and cases cited.

The learned counsel for the appellant insists that the whole sentence was authorized by law, and the court below committed error in its order. His argument is: That the sentence is warranted by section 34 of chapter 112 of the Laws of 1896, which is familiarly known as the "Raines Law," and is an act in relation to the traffic in liquors, and for the taxation and regulation of the same. That section is as follows:

"Penalties for Violations of This Act. Any corporation, association, co-partnership, or person trafficking in liquors who shall neglect or refuse to make application for a liquor tax certificate or give the bond or pay the tax imposed as required by this act shall be guilty of a misdemeanor and upon con-

viction thereof shall be punished by a fine of not less than two hundred nor more than two thousand dollars, provided such fine shall equal at least twice the amount of the tax for one year imposed by this act upon the kind of traffic in liquors carried on, where carried on, and may also be imprisoned in a county jail or penitentiary for a term of not more than one year."

—That this section should be supplemented by sections 484 and 718 of the Code of Criminal Procedure, which direct, in effect, that a judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied; specifying the extent of the imprisonment, which cannot exceed one day for every one dollar of the fine.

The learned court below, in its opinion, which appears in the record, states, as a reason for the order, that the fine can only be collected and enforced under section 36 of the Raines law, and cannot be enforced by imprisonment. That section provides that:

"Upon the conviction and sentence of any person or persons * * * for a violation of the provisions of this act, the penalty for which is prescribed in sections * * * 34 hereof, the court or officer imposing the sentence, or the clerk of the court if there be a clerk, shall forthwith make and file in the office of the clerk of the county in which such conviction shall have been had a certified statement of such conviction and sentence. And the clerk of said county shall immediately, thereupon, enter in the docket book kept by said clerk for the docketing of judgments in said office the amount of the penalty or fine and costs imposed as a judgment against the person * * * so convicted and sentenced, and in favor of the state commissioner of excise; and said county clerk shall also enter in the docket of said judgment a brief statement, setting forth the facts that said judgment is for a fine or penalty imposed for a violation of the liquor tax law, and said county clerk shall immediately mail or deliver to said county treasurer or special deputy commissioner for said county a duly-certified transcript of said judgment."

The section further provides that, if the fine and costs imposed shall be paid into court, the clerk shall pay the same to the county treasurer or special commissioner; that, if the judgment shall not be paid within five days after such conviction and sentence, the clerk should issue an execution against the property of the judgment debtor, directed to the sheriff of the county, who should collect the said judgment out of any property of the judgment debtor, and the levy should take precedence of any lien, mortgages, or conveyances docketed against the property subsequent to the judgment, and no property of the judgment debtor should be exempt from levy and sale on such execution; and that the money collected should be paid to the county treasurer or a special deputy commissioner. It does not appear that this judgment was entered or any proceedings taken under the section just quoted. There being no judgment entered, no opportunity was afforded the relator to pay any judgment and costs that should be entered under this section. Observe that the statute from which we are quoting nowhere provides that the party convicted shall be imprisoned until the fine is paid; and the only method of collecting the fine pointed out by this statute is that indicated by section 36. Under that section no property of the judgment debtor can escape execution. So that all the property or means which the debtor would have to pay the fine if imprisoned

until the fine was paid, that is tangible, could be reached by execu-tion. The peculiar provisions of the section would seem to indicate that the only method for collecting the fine or penalty is that pro-vided for by that section; and, the statute having provided a means of collecting the fine or penalty, the sections of the Criminal Code referred to do not apply. The provisions of this statute are highly penal. The violator of it is liable to imprisonment for the period of one year in addition to the penalties. In the absence of any pro-vision in that statute to enforce the collection of the penalty by means of imprisonment, we are not to assume that the legislature intended that two remedies for the enforcement of the penalties and the collection of the fines should be concurrent, viz. of imprison-ment and judgment and execution.

The counsel for the sheriff makes the further point that the judg-ment of the county court was merely erroneous, and could not be corrected by habeas corpus proceedings. The difficulty with this contention is that a portion of the judgment or sentence was void, and beyond the authority of the court to impose. The imprisonment for the penalty or fine directed by the judgment is in excess of that which by the law the court had the power to make, and is void for such excess, and can be so declared in a habeas corpus proceeding to relieve the convicted party from imprisonment under such void provision. People v. Liscomb, supra; People v. Baker, and People v. Woodworth, supra; Ex parte Lange, 18 Wall. 163. The liquor tax law is an act for the purpose of raising revenue, and its penal provisions must be construed with reference to that object. The method of collecting the fines and penalties. provided for in this law seems to be exhaustive of the property of the violator of the law, reaching even his exempt property. The majority of the court, how-ever, have reached the conclusion to reverse the order appealed from, and dismiss the proceeding upon the ground that the proceed-ings were premature, as held in People v. Woodworth and People v. Baker, supra, and People v. Sutton (Sup.) 6 N. Y. Supp. 95. It is true that, at the time the order appealed from was granted, that part of the sentence which imposed an imprisonment of six months had not expired; but the imprisonment for the penalty was a part of the sentence imposed, and the writ of habeas corpus was taken for the purpose of determining the validity of that portion of the sentence. The sheriff, in his return to the writ, justified the deten-tion of the relator under the entire sentence. The point does not seem to have been raised in the court below that the proceedings were premature, and the opinion of the judge at special term dis-cusses only the question that I have considered in this opinion.

In the history of the case stated in the appellant's points, it is stated that the application was opposed upon the grounds that the relator was held in custody "by the sheriff upon the final judgment of Niagara county court sentencing said relator to imprisonment in Niagara County Jail for the term of six months, and to pay a fine of $1,050, and to be imprisoned until such fine was satisfied, not to exceed ten hundred and fifty days." The statement then refers to

the order made, but the objection upon which my brethren disposed of this case was not raised; and, in view of the importance of the question involved, I felt it my duty to consider that question. This appeal was heard after the six-months term of imprisonment had expired, and the relator had been discharged under the order of the special term. I think, in the absence of the objection that the proceeding was premature, the special term had power to pass upon the only question presented. While some of the cases cited seem to hold that the proceeding was premature, they cannot be regarded as holding that, where the question was not raised, the court had not jurisdiction to pass upon the whole sentence, and determine in advance what portion of the sentence, if any, was illegal. Indeed, an excellent reason may be found for determining in advance that question, because, after the legal portion of the sentence has expired, the prisoner may be subjected to illegal imprisonment during the time necessary to have his case disposed of upon habeas corpus.

These considerations lead to the conclusion that the order appealed from should be affirmed.