## COUNTY COURT—CHAUTAUQUA COUNTY,
### Nov. 1910.

## THE PEOPLE v. MACKENZIE.

### (69 App. Div. 540.)

INDICTMENT—FOREST, FISH AND GAME LAW—CODE CRIM. PRO., § 151.

> Under section 24 of the Forest, Fish and Game Law, Courts of Special Sessions have jurisdiction to try persons charged with violations of that law in any town in the county, and are not required to direct the defendant to be brought before a magistrate of the town in which the offense was committed, as provided in section 151 of the Code of Criminal Procedure.

> In such a case, the offender is not entitled to answer to an indictment only, and section 211 of the Code of Criminal Procedure is inapplicable.

APPEAL from a conviction had in a court of Special Sessions.

Van Dusen & Martin, for appellant.

John K. Patterson, Jr., District Attorney, for people.

OTTAWAY, J.   This is an appeal from a conviction had in a Court of Special Sessions held in the town of Westfield, Chautauqua county, N. Y.   The conviction was for violation of section 135 of the Forest, Fish and Game Law of the State of New York.   The offense was committed in the town of Chautauqua and consisted of discharging dynamite in a stream of water within said town.   The defendant insists that the Court of Special Sessions in which he was convicted had no jurisdiction to try the defendant.   It is claimed in his behalf that, pursuant to section 151 of the Code of Criminal Pro-

cedure, the defendant was triable only before a magistrate of the town in which the offense was committed. This section provides: " The warrant must direct that the defendant be brought before the magistrate issuing the warrant, or if the offense was committed in another town and is one which a court of special sessions has jurisdiction to try, or which a magistrate has jurisdiction to hear and determine, he must direct that the defendant be brought before a magistrate of the town in which the offense was committed." This is a general quotation applicable to cases triable in Courts of Special Sessions. If no other or different provisions had been enacted this section would be controlling. *People* v. *McLaughlin,* 57 App. Div. 454; *McCarg* v. *Burr,* 186 N. Y. 467.

Section 24 of the Forest, Fish and Game Law, however, provides " courts of special sessions and police courts of towns and villages and the several courts of special sessions and police courts in cities shall in the first instance have exclusive jurisdiction of offenses committed under this chapter and the jurisdiction of such courts shall extend to all such offenses committed in the county where the court sits. A warrant shall be returnable before the magistrate issuing the same." It is evident from the language of this section that the Legislature intended a different procedure in this class of cases. It is apparent that they intended to enlarge the scope of inquiry of the courts mentioned and not to confine their investigations to the particular locality where the offense occurred. Had the Legislature intended to limit these investigations to the provisions of section 151, it would have been sufficient to have conferred exclusive jurisdiction upon Courts of Special Sessions without further enactment. Section 24 expressly provides that the jurisdiction of the courts mentioned shall extend to all offenses committed within the county where the court sits and directs that the warrants shall be made returnable before the magistrate issuing the same. The language of this section does not

admit of doubt. Section 24 of the Forest, Fish and Game Law, having been enacted subsequently to section 151 of the Code of Criminal Procedure and being inconsistent and repugnant to the same, must be regarded as controlling and as an exception to the provisions of section 151. *Livingston* v. *Harris,* 11 Wend. 329; *Hankins* v. *Mayor,* 64 N. Y. 18; *People ex rel. Russ* v. *City of Brooklyn,* 69 id. 605; *Heckmann* v. *Pinkney,* 81 id. 211.

Under section 24 of the Forest, Fish and Game Law, the Court of Special Sessions had jurisdiction to try the defendant.

A further contention is made by the defendant that the conviction of the defendant was illegal because the record fails to show that the court informed the defendant of her right to be tried by a Court of Special Sessions and ask him how he would be tried. Section 211 of the Code of Criminal Procedure provides: " If the crime with which the defendant is charged be one triable, as provided in subdivision 37 of section 56, by the court of special sessions of the county in which the same was committed, the magistrate, before holding the defendant to answer, must inform him of his right to be tried by a court of special sessions, and must ask him how he will be tried. If the defendant shall not require to be tried by a court of special sessions, he can only be held to answer to a court having authority to inquire by the intervention of a grand jury." The defendant insists that subdivision 37 of section 56 is applicable to this case. Expressing no opinion upon that proposition, it is apparent that defendant's position is not tenable. Section 24 of the Forest, Fish and Game Law gave the trial court exclusive jurisdiction of this offense. It was the duty of the justice to try the accused, notwithstanding any demand to give bail to appear before the grand jury. *Austin* v. *Vrooman,* 128 N. Y. 234; *People* v. *Stark,* 17 N. Y. St. Repr. 237; *People* v. *Austin,* 49 Hun, 396.

The judgment of conviction in this case must be affirmed.

Under the circumstances of this case, however, and pursuant to the authority vested in this court by section 764 of the Code of Criminal Procedure, the sentence is modified to the time already served.

Judgment accordingly.