THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN J. PHELAN, Defendant.

Supreme Court, Kings County, April 14, 1926.

Crimes — sentence — defendant was convicted of grand larceny, first degree, after trial in Nassau County Court — sentence was imposed immediately after denial of defendant's motions to set aside verdict and in arrest of judgment — sentence vacated and defendant's motions to set aside verdict and for new trial granted later in day on which sentence was imposed — County Court had jurisdiction to vacate sentence and to order new trial — defendant not entitled to order of prohibition restraining county judge of Nassau county and district attorney from moving indictment for trial pending determination of appeal — court did not lose jurisdiction where defendant had not begun service of sentence.

Defendant, who, after a trial in the Nassau County Court, was convicted of grand larceny in the first degree and sentenced immediately after the denial of motions to set aside the verdict and in arrest of judgment, for a term of not less than five nor more than ten years, is not entitled to an order of prohibition restraining the county judge of Nassau county and the district attorney of said county from taking any proceedings in the case pending the determination of the appeal taken from the judgment of conviction, where, on the same day sentence was imposed, the judge of said court vacated the sentence and, without further motion, set aside the verdict and granted a new trial as the result of a reconsideration of the motions made by defendant before the imposition of sentence.

The County Court, having jurisdiction, when, after reconsideration, it granted defendant's motions, still has jurisdiction where nothing with respect to court records, entries, transcripts and the like, had been done before defendant was returned to court the same day and had his motions granted, and he had not begun the service of the sentence which was vacated.

MOTION for an order of prohibition.

*Elvin N. Edwards, District Attorney,* for the plaintiff.

*Joseph Shalleck,* for the defendant.

CARSWELL, J.    Petitioner moves for an order of prohibition against the county judge and district attorney of Nassau county, restraining them from taking any proceedings in *People* v. *Phelan* pending an appeal by said Phelan from a judgment of conviction entered in the County Court of Nassau county on March 22, 1926.

Following a trial begun on March 17, 1926, petitioner was convicted of grand larceny in the first degree.   On March 22, 1926, at ten-thirty A. M., petitioner was arraigned for sentence.   *Before* sentence petitioner moved to set aside the verdict, which motion was denied by the County Court.   The petitioner also moved *before* sentence was imposed in arrest of judgment.   This motion was denied. Thereupon the petitioner was sentenced by the County Court to

State's prison for a term not less than five nor more than ten years. Petitioner immediately served on the district attorney and filed with the county clerk a notice of appeal to the Appellate Division. On the same day, March 22, 1926, about twelve o'clock noon, the County Court vacated the sentence and thereafter petitioner remained in the court room until three P. M., when, in the presence of petitioner and his attorney and the district attorney, acting without further motion, the court set aside the verdict and granted a new trial as the result of a reconsideration of the motions made by the petitioner *before* sentence was imposed. No new motion was made by any one *after* sentence was imposed. The court reconsidered the two motions made before sentence was imposed prior to the performing of the mechanics or formal acts required to be had after sentence. (Code Crim. Proc. §§ 482, 482-a, 486 *et seq.*) The petitioner was still in the County Court in the interim between the imposition of sentence and the setting aside of the sentence and verdict and had not begun to serve in any degree the sentence so imposed. The court then set March twenty-fifth for pleading to the superseding indictment. It was because of questions in regard to this self-same indictment that the petitioner had refused to proceed with the trial in which the conviction was had. On˙ March twenty-fifth, the defendant refusing to plead, the court directed the entry of a plea of not guilty and set the case over to April fifth for trial. This trial has been stayed pending this application.

(1) The decision of one question determines whether or not an order of prohibition herein should issue. The petitioner claims that the County Court was without jurisdiction to set aside the sentence and previous conviction and order a new trial after having denied the petitioner's motions directed to that end, which were made before sentence was imposed. The petitioner claims that immediately upon the denial of his two motions and the imposition of sentence the County Court lost jurisdiction and that the case is now in the Appellate Division, to which he has taken an appeal. The respondent contends that the court did not lose jurisdiction and that jurisdiction continues with the County Court up to the time the serving of the sentence is begun, and that that stage never was reached in this case before the court reconsidered the motions of the defendant it had previously denied and granted them. No claim is made that reconsideration was not had at the same term as that during which the motions were in the first instance denied. No claim is made that the petitioner in fact had begun to serve any part of the sentence imposed. In fact it appears that an application for a certificate of reasonable doubt and stay of the

execution of the sentence had issued before the service of any part of the sentence had begun. (*People ex rel. Uebelmesser* v. *Carter,* 176 App. Div. 804.)

None of the formal acts following sentence and preliminary to the beginning of sentence had been performed. The modern tendency is not to unduly exalt technicalities and cause them to thwart substance in the administration of justice. The scope of principles in similar situations, applied in old cases, is not to be narrowed when invoked to-day, to the detriment of substance. The applicable principle, which has been approved in the United States Supreme Court, is that stated in *Commonwealth* v. *Weymouth* (84 Mass. 144, 147) per Chief Justice Bigelow: " He was never taken or charged on the warrant which was issued on the sentence as originally pronounced. That sentence never went into operation, and, in effect, was the same as if it had never been passed. So long as it remained unexecuted, it was, in contemplation of law, in the breast of the court, and subject to revision and alteration. He was not injured or put in jeopardy by it any further than he would have been by a conclusion or judgment of the court as to the extent of his punishment, which had not been announced. Until something was done to carry the sentence into execution, by subjecting the prisoner to the warrant in the hands of the officer, no right or privilege to which he was entitled was taken away or invaded, by revoking the sentence first pronounced, and substituting in its stead the one under which he now stands charged." In that case the court acted at the same term, as was done in this case, and acted before the original sentence had gone into operation or any action had been had upon it, although it had proceeded further than herein with regard to the preliminaries following sentence, with respect to the executing of the sentence. The court having jurisdiction in that case to substitute a new sentence, at the stage indicated, it would follow that the jurisdiction existing in the court at that moment would involve the right to annul the sentence entirely and after setting aside the verdict order a new trial, as was done in this case, for errors which it was deemed had been committed during the trial.

This principle has found widespread approval and is in accord with sound reasoning and common sense. (*Basset* v. *United States,* 76 U. S. [9 Wall.] 38; *Ex parte Lange,* 85 U. S. [18 Wall.] 163; *Stewart* v. *United States,* 300 Fed. 769, 776.) In the case at bar the defendant when the sentence, etc., was vacated was in the same condition and position as if one second after his two motions were denied, the denials thereof were set aside and the motions granted while he was still standing before the court in the first instance.

Nothing with respect to court records, entries, transcripts, etc.,

had been done before he was brought back the same day and had his motions (made *before* sentence) granted, much less his having begun the service of the sentence which was vacated. He was thus situated when his motions were granted, precisely as he had been when they were denied and unacted upon. The defendant is not aggrieved by favorable action on his own *unwithdrawn* motions. (*People* v. *McGrath*, 202 N. Y. 445.)

The case of *People ex rel. Jerome* v. *General Sessions* (185 N. Y. 504) is not to the contrary. In that case the court did not assume to act as a matter of reconsideration of motions made *before* sentence was imposed. It was restrained from entertaining a *new motion made after sentence was imposed*, because it was without jurisdiction as to such a new motion. That is a different question from reconsidering a motion made before sentence when the time of the reconsideration and action is before court entries, transcripts, etc., are made and before the beginning of the sentence already imposed, and at the same term of court during which that sentence was imposed.

Nothing in the several sections of the Code of Criminal Procedure to which reference is made by the petitioner precludes giving force to the above salutary principle. Moreover, this question of jurisdiction can be availed of on an appeal from whatever judgment ensues as a result of the trial sought to be prohibited.

(2) The County Court, having jurisdiction when it granted defendant's motions, still has jurisdiction. The motion is denied and stay vacated.