THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN THOMPSON, Petitioner, against MOSES WATERS, as Superintendent of the Onondaga County Penitentiary, Defendant.

Supreme Court, Onondaga County, February 9, 1944.

*A. Fairfax Montague* for petitioner.

*Donald M. Mawhinney, District Attorney (Frank Del Vecchio* of counsel), for defendant.

SEARL, J. This is the return of a writ of habeas corpus directed to Moses Waters, Superintendent of the Onondaga County Penitentiary.

The certificate of conviction, signed by James E. Casey, Police Justice of the Village of Ilion, N. Y., issued from a Court of Special Sessions, on October 14, 1943, recites that, having been duly convicted, it was adjudged that John Thompson, defendant, for public intoxication " be imprisoned " in the Onondaga County Penitentiary " one hundred and eighty days (180) * * * and in addition thereto to pay a fine of fifty dollars ($50.00) or be confined " in said penitentiary " an additional fifty (50) days until said fine be paid, allowing one day in the penitentiary for each dollar of the fine."

The first point necessary for consideration is the sentence imposed. The provisions of law place a maximum punishment on conviction for public intoxication of six months' imprisonment and ten dollars' fine. (Penal Law, § 1221.)

The law is well settled to the effect that sentences erroneously imposed by courts of general jurisdiction may be corrected by resentence. The law is equally clear to the effect that a court of limited jurisdiction, of special sessions, is organized only for trial and judgment in each particular case. After judgment is once rendered the power of the court becomes *functus officio*. (*People ex rel. Cook* v. *Smith*, 55 Hun 604, 9 N. Y. S. 181, affd. 125 N. Y. 692; *People ex rel. Johnson* v. *Webster*, 92 Hun 378; *People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559.)

The question then arises as to whether a part or all of such a sentence in a certificate of conviction from a court not of record, is void. If the expired court substitutes a changed or altered certificate, the entire sentence certainly is voided. In *People ex rel. Trainor* v. *Baker* (89 N. Y. 461) the prisoner was sentenced to imprisonment for one year and in addition a fine of five hundred dollars imposed. The imposition of the fine exceeded the punishment permitted by statute. Judge EARL wrote for the court: " He would not be entitled to his discharge, for then the sentence to imprisonment for one year was authorized and legal. That is a separate portion of the sentence, complete in itself, and the balance of the sentence can be held void and disregarded. The whole sentence is not illegal and void because of the excess. Such is the settled law in this State." It is urged in the instant proceeding that the above rule applies to a court of record, but has no application to a court not of record. This contention is answered in the last above-cited case, for the reason that the first authority cited by Judge EARL in his opinion following the statement, " Such is the settled law in this State ", is *Matter of Sweatman* (1 Cow. 144). There a Court of Special Sessions imposed a sentence of thirty days' imprisonment and a fine of fifteen dollars, providing that in event of failure to pay the fine defendant should be imprisoned for an additional four months.

Searching still further we find that in *People* v. *Carter* (48 Hun 165) an appeal was taken from a conviction by Special Sessions wherein the relator was sentenced to pay a fine of one hundred dollars or to be imprisoned in the County Jail until the fine was paid, not exceeding one hundred days. It was contended that the judgment was valid to the extent of a fine of fifty dollars. The appellate court held that as there was no power to remit the record to Special Sessions for further judgment, the entire judgment was invalid.

In *People ex rel. Bedell* v. *Kinney* (24 App. Div. 309) relator was sentenced to jail for six months and to pay a fine of $1,050 or to be imprisoned until fine was paid at rate of a day for every dollar unpaid. Upon the return of a writ the six months' imprisonment was held valid and the relator discharged as to the fine.

A case arose in this county where the relator was convicted of petit larceny in the Court of Special Sessions and sentenced to the Onondaga County Penitentiary for a period of one year, where the maximum jail sentence was limited to six months. The District Attorney urged that the relator could lawfully

be imprisoned for that period. The appellate court, in *People ex rel. Knowlton* v. *Sadler* (2 N. Y. Crim. Rep. 438), discharged the relator on the ground that the judgment was void.

An examination of these and other authorities leads to the following conclusions: When the sentence from a court not of record consists of both a jail sentence definitely fixed and a fine, the jail sentence being within the limits prescribed by statute, and when the two elements, jail sentence and fine, are separable, then and in that event the legal portion can and must be enforced. Where, on the other hand, a jail sentence or fine alone is imposed which exceeds the maximum prescribed by statute, the sentence is void in its entirety. Where the chaff can be separated from the wheat, the wheat can still be used.

Counsel for relator here urges that no court can separate the good from the bad, that if any portion is bad, the whole must be discarded. The above authorities do not support this contention. The authority chiefly relied upon by relator's counsel, *People ex rel. Johnson* v. *Webster* (92 Hun 378, *supra*), confirms the conclusion that this court has reached. In the *Johnson* case a Court of Special Sessions adjudged that the relator be imprisoned '' for a period not exceeding 180 days.'' As to such a commitment the court held '' The term of imprisonment, however, must be definitely fixed and declared by the judgment. * * * The judgment of conviction and the certificate thereof, constituting the warrant of commitment, were ineffectual to continue the relator in custody for any length of time.''

Counsel for the relator urges a second question as to the validity of the sentence. Section 480 of the Correction Law provides: '' It shall be lawful for the several boards of supervisors in the several counties of this state to enter into an agreement with the board of supervisors of any county having a penitentiary therein * * * to receive and keep * * * any person who may be sentenced to confinement therein by any court or magistrate, in any of the said several counties of this state, for any term not less than thirty days. Whenever such agreement shall have been made, it shall be the duty of the said several boards of supervisors of the several counties aforesaid, to give public notice thereof, specifying in such notice the period of the continuance of such agreement, which notice shall be published in such newspapers, printed in said several counties, not less than two, and for such period of time, not less than four weeks, as the several boards of supervisors of said several counties shall direct.''

The instant relator was convicted in Herkimer County. It is conceded that an agreement such as last above referred to existed between Herkimer and Onondaga Counties. It is also agreed that no proof can be had to the effect that publication has been made in either county.

How such failure affects any substantial rights of the relator is difficult to ascertain. The publication is a *duty* "of the said several boards of supervisors ". The relator was regularly employed in Schenectady, and it is charged that he became inebriated in the village of Ilion, where he was apparently visiting. The matter of giving notice of the arrangement was unquestionably for the purpose of informing the taxpayers of the contracting Counties as to where the moneys of one were being spent and that the other County was receiving pay for entertaining foreign guests. In other words, it was notice of a business transaction. It would be difficult, by any stretch of the imagination, to fathom any benefit that the relator might derive from such a publication. It certainly cannot be deemed a condition precedent imposed by the Legislature upon the authority of the acting magistrate.

Again, counsel for relator recites in his affidavit that the relator was instructed by the Justice of the " right to counsel ", but was not given sufficient time to obtain funds from Schenectady for this purpose. The relator makes no affidavit on this score, and with relator's admission that he was instructed of his right of counsel, and it likewise appearing from the commitment that relator having " failed to demand a jury, and having been thereupon duly tried and upon such trial, duly convicted ", this court must find against the relator as to his contention relative to counsel. As to defendant being informed as to right of counsel, see *People ex rel. Montagno* v. *Morhous* (267 App. Div. 797).

The sentence is definite as to the six months' imprisonment and is separable from the monetary punishment by way of fine. The sentence, then, as to imprisonment is valid; that portion of it relating to payment of a fine is void. Under the authority of *People ex rel. Bedell* v. *Kinney* (24 App. Div. 309 [4th Dept.]), above cited, this proceeding is premature until the expiration of the six months' imprisonment imposed, and therefore this writ must be dismissed. However, upon completion of the jail sentence, with allowance for earned time, the District Attorney consenting, an order will be made discharging the prisoner upon his petition, without the delay resulting from the application for a writ.

Order accordingly.