THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff-Respondent, v. EUGENE KRAMER, Defendant-Appellant.

County Court, Erie County, November 5, 1947.

*Gordon Steele, District Attorney (Robert A. Burrell* of counsel), for plaintiff.

*Roger T. Cook* for defendant.

ROBINSON, J. On July 24, 1947, an information was laid by deputy sheriff Dennis A. Thomann before Hon. WILLIS E. ELLIOTT, a Justice of the Peace of the Town of Tonawanda, charging one Eugene Kramer of violation of subdivision 2 of section 483 of the Penal Law in that he, the said Eugene Kramer, on July 23, 1947, did wrongfully, unlawfully, willfully, corruptly and knowingly invite James H. Meister to participate in a larceny under circumstances which placed him in a position that his life or limb was endangered and his morals likely to be impaired, to wit, he called at Meister's home and invited him to accompany him for the purpose of stealing gasoline from cars and tanks and drove him to the place named above where said Meister was surprised while in the process of stealing gasoline. Based on this information, Justice of the Peace ELLIOTT issued on the 24th day of July, 1947, a warrant for the arrest of Eugene Kramer, who was apprehended and arraigned before the Justice of the Peace two days later, according to return submitted by that official.

At time of arraignment some discussion was had by the court, the defendant and defendant's mother. A plea of guilty was accepted and sentence pronounced by the Justice of the Peace. From this conviction, defendant appeals.

In criminal matters a Justice of the Peace sits as a Court of Special Sessions and the jurisdiction of a Court of Special Sessions is statutory. Sections 56 and 56-a of the Code of Criminal Procedure enumerate the crimes of which a Court of Special Sessions has exclusive jurisdiction in the first instance, subject to power of removal. The crime charged in the information is not among those listed in section 56, unless it is embraced in subdivision 38, which is a sort of a catchall clause. It reads as follows: " When a complaint is made to or a warrant is issued by a committing magistrate for any misdemeanor not included in the foregoing subdivisions of this section, if the accused shall elect to be tried by a court of special sessions, as provided by section two hundred and eleven. But this subdivision shall not apply to any misdemeanor which is or may be punishable by a fine exceeding fifty dollars, or by imprisonment exceeding six months."

Violation of subdivision 2 of section 483 of the Penal Law is a misdemeanor for which no punishment is prescribed. Therefore, punishment falls within the provisions of section 1937 of the Penal Law, which provides as follows: " A person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed by this chapter, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both."

It follows that this misdemeanor is a crime punishable by a fine of more than $50 or by imprisonment exceeding six months and, therefore, not within the provisions of subdivision 38 of section 56. In view of this and of the fact that this crime is not among those specifically enumerated in the other subdivisions of this section, it is held that violation of subdivision 2 of section 483 is excluded from the jurisdiction of a court of special sessions and, therefore, Justice of Peace ELLIOTT was without authority to accept the plea and impose the punishment.

Judgment of conviction set aside, bail cancelled and defendant to be released.