THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* BRUCE W. EASTMAN, Respondent.

Third Department, July 2, 1953.

*Frederick B. Bryant, District Attorney,* for appellant.

*John LoPinto* and *Michael LoPinto* for respondent.

FOSTER, P. J.   On this appeal the People challenge the power of a County Court to set aside a conviction had in a Court of Special Sessions for a traffic violation after the time to appeal from such conviction had expired.

Defendant-respondent was arrested and arraigned before the City Court of Ithaca.  He pleaded guilty to the crime of violating subdivision 4 of section 20 of the Vehicle and Traffic Law.  The information, however, which was attempted to be laid against him charged an entirely different crime.  It is conceded by the People that the City Court had no jurisdiction because the information was neither signed nor sworn to, and apparently did not set forth facts constituting the crime to which he pleaded guilty.  He was sentenced on December 8, 1952, to pay a fine of $50, and a certificate of conviction was filed in the Tompkins County Clerk's office.

No appeal was taken from the judgment of conviction within the statutory period, but a motion was made before the County Court to set aside the conviction and remit the fine.  This motion was granted and resulted in the order appealed from.

The jurisdiction of the County Court in like situations has been the subject of diverse decisions.  Some cases have held that a County Court has no authority to set aside a judgment of conviction in a Court of Special Sessions upon motion after the time to appeal has expired.  Other cases have held to the contrary, and we are asked to resolve this diversity.

The City Court of Ithaca is a Court of Special Sessions and the provisions of the Justice Court Act apply to proceedings therein (L. 1931, ch. 415, § 107, subd. 2).  Section 272 of the Justice Court Act provides that after a judgment in a civil action is rendered by a justice of the peace a transcript thereof may be filed in the office of the clerk of the county in which it was rendered, and thereafter it is deemed the judgment of the County Court of that county.  Section 723 of the Code of Criminal Procedure provides that after a conviction for a criminal offense before a Court of Special Sessions the court must cause a certificate of conviction to be filed in the office of the clerk of the county.  Respondent argues, and some cases have held,

that these sections are analogous; that when the certificate of conviction is filed with the County Clerk it must be deemed the judgment of the County Court, and hence that court may vacate it. In our view neither the analogy sought to be drawn nor the conclusion reached therefrom can be justified. In the first place section 723 of the Criminal Code says nothing about County Court, in contrast to the specific language of section 272 of the Justice Court Act. A mere requirement that a certificate of conviction from a Court of Special Sessions must be filed in a County Clerk's office does not make such certificate a judgment of a County Court. Assuming, however, an analogy between the two sections the County Court, in the absence of an appeal or express legislative sanction, does not have jurisdiction to affect a judgment of conviction. Even in the matter of a civil judgment the County Court may not, in the absence of an appeal, vacate a civil judgment from a Court of Special Sessions that is docketed in the County Clerk's office (*Quackenbush* v. *Johnston,* 249 App. Div. 452). It may vacate a transcript but it has not the power to set aside the judgment itself. Certainly it would have no greater power in a criminal case.

Defendant also relies on section 798 of the Judiciary Law which empowers a County Court to remit a fine imposed by a court. Defendant contends that the power to remit a fine necessarily implies the power to vacate a conviction. The very scope of this section, however, indicates that it cannot be given the application contended for by defendant. Except for a fine exceeding $250 imposed by the Supreme Court, or one imposed for criminal contempt (§ 799), a County Court, in a county where the fine was imposed, may remit any fine imposed by any court for a criminal offense. Therefore if defendant's contention is correct a curious anomaly might well result; the County Court under such a construction could not only remit a fine imposed by the Supreme Court, but also set aside the conviction as well. We think it reasonably clear that the Legislature had no such intent in mind when it enacted section 798 of the Judiciary Law. This section must be limited to its terms which do not include the power to set aside a judgment of conviction.

Underlying defendant's specific points is the general proposition that the County Court should have power to vacate an illegal judgment from a Court of Special Sessions where an appeal has not been seasonably taken, because otherwise a defendant is without a remedy. It is said that a Court of Special Sessions may not entertain an application in the nature

of *coram nobis* because such a court becomes *functus officio* at the end of every case, and is powerless to deal with a judgment after the same has been rendered. We are by no means certain that this statement is correct. (*Matter of Hogan* v. *New York Supreme Court,* 295 N. Y. 92.) The historic and narrow view of this matter as exemplified by the older decisions is giving way, we think, to a more liberal and practical viewpoint. Certainly it is more logical to lift the dead hand of formalism and accord to a Court of Special Sessions the power to correct its own errors rather than attempt by forced indirection to confer that power on another court. Irrespective of these considerations however the lack of a remedy cannot serve to confer jurisdiction on another court in the absence of a legislative mandate.

The order should be modified by reversing those portions which purport to vacate and cancel the judgment of conviction and as thus modified should be affirmed.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order modified, on the law and facts, by reversing those portions which purport to vacate and cancel the judgment of conviction and as thus modified, affirmed.