Lawrence H. Cooke, J.
This is an appeal from a judgment of the Court of Special Sessions, Town of Bethel, convicting defendant of violating subdivision 5-a of section 70 of the Vehicle and Traffic Law, a misdemeanor commonly known as leaving the scene of an accident without reporting.
It appears that defendant was arrested without a warrant (Vehicle and Traffic Law, § 70, subd. 5-c) in said town, taken before a Justice of the Peace of said town, arraigned and thereafter tried before said Justice sitting as a Court of Special Sessions and a jury. The information and testimony indicate that the acts charged occurred in the town of Tusten, another township in Sullivan County. On this appeal, as upon the trial, defendant contends that there was a lack of jurisdiction because of the township in which the prosecution was conducted.
There is no question but that, at one time, generally it was the law that the justice of a town other than that where an alleged misdemeanor, such as the one here, was committed had no jurisdiction for such proceedings (Roher v. State of New York, 279 App. Div. 1116; McCarg v. Burr, 186 N. Y. 467; People v. *178 McLaughlin, 57 App. Div. 454; People v. MacKenzie, 69 Misc. 540).
However, in 1954, the Legislature amended section 164 of the Code of Criminal Procedure (L. 1954, ch. 763, § 2) so as to entitle same as “ Place of arraignment and proceedings thereon ” and so that said section now reads in part as follows: “If the defendant is arrested without a warrant for a misdemeanor, offense, infraction or violation of ordinance he must he taken immediately before an available magistrate of a town in the county in which the offense charged is alleged to have been committed who is nearest or most accessible with reference to the place where said arrest is made.”
Said amendment became law by the enactment of chapter 763 of the Laws of 1954 entitled “An act to amend the code of criminal procedure, in relation to return of warrant of arrest and arrest without warrant in certain cases ”. It is significant to note that said chapter also added section 151-a to said code authorizing a direction in a warrant of arrest that a defendant be brought before a magistrate in any town of the county in which the offense was committed in regard to certain specified misdemeanors, infractions and violations. It is also important to observe the other changes made in said section 164 itself by the enactment of said chapter in relation to the magistrate before whom a defendant should be taken where there was an arrest with a warrant. One portion thereof was changed from “ or before a magistrate of the town in which the offense was committed,” to “or before a magistrate of a town in the county in which the offense was committed ”; and another from ‘ ‘ if that magistrate be absent or unable to act, be taken before the nearest or most accessible magistrate in the town in which the magistrate before whom the warrant is returnable resides, if there he such a magistrate accessible and qualified to act, and otherwise, before the nearest or most accessible magistrate in the same county ” to “if the named magistrate be absent or unable to act, and if no specific magistrate is named he must be taken before an available magistrate of a town in the county in which the offense was committed who is nearest or most accessible with reference to the place where the arrest is made.” So that, even in regard to arrests with a warrant, the territorial jurisdiction of a magistrate was extended to the extent as prescribed by this legislative action.
Returning to a situation where there is an arrest without a warrant, as in this case, said section 164, as now and at the time in question in effect, directs that the defendant ‘ ‘ must be taken immediately before an available magistrate of a town in *179 the county in which the offense charged is alleged to have been committed So that the mere fact that the Justice was in and of a town other than the one in which the offense charged is alleged to have been committed was not in and of itself sufficient to deprive the Justice in question of jurisdiction. In criminal matters a justice of the peace sits as a Court of Special Sessions (People v. Kramer, 191 Misc. 426), and where a defendant is brought before a justice of the peace pursuant to law, whether it be with or without a warrant, the court is established and such court continues, with adjournments as authorized by law, at least until the defendant is either convicted and sentenced or discharged (People ex rel. Root v. Wasmer, 201 Misc. 71, 72; Matter of Hogan v. Supreme Court, 295 N. Y. 92, 95-96; People v. De Luigi, 208 Misc. 537; Code Crim Pro., §§ 702-a, 717, 764-a; People ex rel. Lotz v. Norton, 76 Hun 7, 9; see People v. Eastman, 282 App. Div. 330, affd. 306 N. Y. 658; People v. Foote, 144 Misc. 134). In People ex rel. Lotz v. Norton (supra), it is declared at page 9: “ When the defendant is brought before the magistrate he organizes a Court of Special Sessions for the trial, receives the return of the warrant, takes the plea of the defendant, and proceeds with the trial, and there is no authority for the substitution of a second magistrate to hold the court after its organization.” In People ex rel. Dunnigan v. Webster (14 Misc. 617, affd. 1 App. Div. 631) we read in the lower court decision at page 619: ‘ ‘ Courts of Special Sessions act within a much narrower sphere than those which have the power to try graver causes of offenses, but within that restricted sphere have all the powers incidental to the proper discharge of duty.” When this defendant was taken before the Justice, the power to proceed and to try defendant was certainly at least incidental to the discharge of the duty of the Justice. In People ex rel. Thompson v. Waters (182 Misc. 1063), it is stated at page 1064: “ The law is equally clear to the effect that a court of limited jurisdiction, of special sessions, is organized only for trial and judgment in each particular case.” Here, a Court of Special Sessions was organized and trial and judgment were part of the purpose for which it was organized.
Furthermore, it is reasonable to assume that had the Legislature intended that a defendant, when arrested without a warrant in the cases specified, only be arraigned before an available magistrate of another town in the county in which the offense charged is alleged to have been committed and thereafter that the trial proceed before another magistrate, one in the town where the offense is alleged to have been committed, that a method of transfer to such latter magistrate would have been *180 prescribed or that a provision divesting the arraigning magistrate of further jurisdiction beyond arraignment would have been set forth. No such method or provision is given and it follows logically that the Legislature intended that jurisdiction remain with the arraigning magistrate, subject to removal, divesting of jurisdiction or transfer pursuant to sections 57, 59 or 702-a of the code.
This position is supported by the Opinions of the State Comptroller (Yol. 12 [1956], No. 8205), in which it is stated: “ It will be noted that section 164 of the Code of Criminal Procedure requires that one arrested without a warrant for a misdemeanor, offense, infraction or violation must be taken immediately before an available magistrate of a town in the county in which the offense charged is alleged to have been committed who is nearest or most accessible with reference to the place where said arrest is made. Since a magistrate incapable of acting would not be an available magistrate, it would be necessary to take the arrested person to the nearest magistrate of a town of the county. It should be noted that village justices are not magistrates of the town. The magistrate may take evidence under oath (usually of the arresting officer) as to the availability of magistrates of the town or towns. If the magistrate is satisfied that he is the available magistrate nearest or most accessible with reference to the place where the arrest was made he has jurisdiction to try the matter in the justice’s town but not in the town of the offense.”
In the November, 1956 issue of “ Justice Court Topics ” we read: “ The amended Sec. 164 C. Cr. P. applies to all cases, traffic and otherwise. * * * You will see from this that the long standing rule as to the place of arraignment has been altered, in cases where there is no warrant, or no traffic ticket issued. Now the place of arraignment is fixed with reference to the place of arrest, rather than the place where the violation occurred.” In the October, 1955 issue of said publication the following statement was made: ‘1 Secs. 151-a and 164 C Cr. P should be read together. Sec. 151-a deals with traffic cases only; Sec. 164 applies to all misdemeanor and lesser cases, including traffic.”
Attorney Alfred Morrison, author of Morrison’s Cuide for Justices of the Peace, former editor of “ Justice Court Topics ” and one of the drafters of chapter 763 of the Laws of 1954, has written: “ Sec. 151-a C Cr P is the controlling section in traffic cases, and Sec. 164 C Cr P makes its provisions applicable in cases where the arrest is made without a warrant. The effect *181 of the 1954 amendments is to make the place of arrest, instead of the locus of the violation, the controlling factor in traffic cases, unless the defendant demands otherwise. The intent is to enable the defendant charged with a traffic violation to obtain a speedy disposition of the case if that best suits his own convenience. * * * In any case, the justice who assumes jurisdiction in the absence or unavailability of the justice where the alleged violation took place, must try the case, if he arraigns the defendant and accepts a plea. Peo. v. McLaughlin, 57 A. D. 454, 68 N Y S 246. It cannot be transferred except for cause. If the arraigned defendant finds the justice is disqualified to act, he or the prosecution may seek a removal, in any case.”
Defendant-appellant also claims error in that the trial did not proceed as required by section 388 of the Code of Criminal Procedure and the return of the Justice indicates that there were no openings to the jury. Said section provides in part:
‘ ‘ The jury having been impaneled and sworn, the trial must proceed in the following order:
“ 1. The district attorney, or other counsel for the people, must open the case;
“ 2. The defendant or his counsel may then open his defense ”. Attention is called to the use of the word “ must ” and the Court of Appeals has spoken clearly in this regard. In People v. Romano (279 N. Y. 392), it was held at page 395: “ Over objection by the appellant, the People were allowed to waive any opening of the case to the jury. We cannot countenance this departure from long standardized forms of law in trials for felony. _ (See Code Crim. Proc. § 388; People v. Benham, 160 N. Y. 402, 432; 1 Chitty on Criminal Law [5th Am. ed.], p. 555. The different holding in Johnson v. Commonwealth (111 Va. 877) turned upon the text of a statute quite unlike our own.) While the reading of a detailed indictment might conceivably serve the purpose of an opening (cf. People v. Reilly, 49 App. Div. 218; 164 N. Y. 600), we are not disposed to encourage even that procedure.” Also, in People v. McLaughlin (291 N. Y. 480) it was stated at page 483: “ We note two other violations of the settled rules for the conduct of criminal trials. The Assistant District Attorney announced a consent that ‘ both sides waive the right to open in this case.’ The Code of Criminal Procedure (§ 388 directs that the District Attorney ‘must open the case ’; defendant’s counsel ‘ may ’ open for the defense. (See People v. Romano, 279 N. Y. 392, 395.) ” Here, it appears that the openings were waived and, while it might *182 seem unfair that appellant now may take advantage of this point where he waived same on trial, this court has no choice for again we have the explicit ruling of the Court of Appeals that the requirement that the District Attorney or other counsel for the People “ must open the case ” cannot be waived even upon consent of the defendant (People v. Levine, 297 N. Y. 144, 147; People v. McLaughlin, 57 App. Div. 454, supra). Furthermore, it is the law that the requirements of said section 388 apply to trials in Courts of Special Sessions (People v. Wallens, 297 N. Y. 57, 61; People v. Leavitt, 301 N. Y. 113, 117; People v. Pullman, 3 Misc 2d 188; Code Crim. Pro., § 62).
In view of the above, it is not necessary to discuss the other issues raised on this appeal.
Because of the noncompliance with said provision of section 388 of the Code of Criminal Procedure, but not because of lack of jurisdiction, the conviction is reversed and a new trial ordered.
Submit order on notice of two days.