Milton A. Wilts®, J.
The defendant was convicted of assault in the third degree by a jury, in the Police Justice Court of the Village of Carthage, New York, on March 23,1960. The Honorable Howard H. Splete, Police Justice of the Village of Carthage, presided upon the trial. From such conviction, the defendant has appealed.
For the People upon the trial, the Village Attorney of Carthage prosecuted. The District Attorney appears for the People upon this appeal.
One of the questions of law set forth in the affidavit of errors, which defendant claims requires a reversal of the conviction, is that the prosecutor of the case failed to make an opening statement to the jury, as required by section 388 of the Code of Criminal Procedure.
Section 388 of the Code of Criminal Procedure provides, insofar as it is applicable to this question, as follows:
“In what order trial to proceed. The jury having been impaneled and sworn, the trial must proceed in the following order:
“ 1. The district attorney, or other counsel for the people, must open the case ”.
It is conceded that this section was not followed. The People urge, however, that the prosecutor’s remarks to the jurors upon their examination, and before they were sworn, were sufficient to constitute an opening of the case, within the meaning of that section.
It is believed that any remarks made at the time of the examination of the jury, and before they were sworn, do not take the place of the opening statement which is required by section 388 aforesaid, since the opening statement by the prosecution must be made after the jury has been impaneled and sworn.
It has been held that the words ‘ ‘ must open the case ’ ’, as set forth in that section are mandatory. (People v. McLaughlin, 291 N. Y. 480; People v. Robinson, 5 Misc 2d 176.)
Another alleged error of law relied upon by the defendant, as a ground for reversal, is in connection with the proceedings at the trial, after the case had been submitted to the jury.
It appears from the record that the jury returned to the courtroom, and that the foreman of the jury stated, in substance, that they had arrived at no decision on the verdict and had been unable to agree.
Immediately the court asked the prosecutor if he wished to poll the jury. The prosecutor answered in the affirmative, and each juror was then asked what his verdict was. Such poll revealed that one of the jurors was undecided. Thereupon the *13 court stated: “ On the basis of the poll, I would say that the reason they haven’t reached a verdict is because one man is undecided and I think that it is the duty of each juror to make some decision, so I recommend that they retire and reconsider and come up with some decision in the matter.”
The jury then retired, and shortly thereafter brought in a verdict of guilty.
There is no authority for the polling of the jury except as is provided in section 450 of the Code of Criminal Procedure which states: “ Polling the jury. When a verdict is rendered and before it is recorded the jury may be polled, on the requirement of either party; in which case, they must be severally asked whether it is their verdict; and if any one answer in the negative, the jury must be sent out for further deliberation.” The statement by the foreman of the jury, that no decision had been reached, and that they were unable to agree upon a verdict, was not the rendering of a verdict, and no authority in law existed for polling the jury as was done here.
Sending the jurors back, after this was done, together with instructions then given, was prejudicial to the defendant and caused an involuntary or coerced verdict to be rendered.
In the interests of justice, and upon the law, the information should be dismissed, the conviction reversed, the defendant discharged and the fine remitted.