Joseph M. Conroy, J.
This is an article 78 proceeding in the nature of mandamus to compel the respondent, a Judge of the Criminal Court of the City of New York, “ to fix a day certain for the imposition of sentence and the rendition .of judgment against Carmine Gualtieri upon the finding of guilty of the said Carmine G-ualtieri by respondent * * * and to pronounce such sentence and to impose such judgment.” Respondent moves to dismiss the petition for legal insufficiency.
The material facts, as they appear from -the petition and exhibits annexed thereto, are as follows:
On April 2,1964, a complaint was filed in the Criminal Court charging Gualtieri (hereinafter referred to as the defendant) with book-making (Penal Law, § 986) and possession of bookmaking records (Penal Law, § 986-b). A trial was held before the respondent on October 29, 1964, after which he found the defendant not guilty of the charge under section 986, but guilty of the charge under section 986-b, and fixed a date for the imposition of sentence upon such finding.
On November 7, 1964, defendant moved to vacate his conviction and for a new trial on the ground, broadly, of newly discovered evidence. Respondent, in a three-page memorandum dated December 16, 1964, vacated his finding of guilty, found defendant not guilty and dismissed the complaint in all respects.
In his memorandum decision, respondent conceded that were he to treat the application solely as one for a new trial on -the ground of newly discovered evidence, he would be constrained to deny it. However, under defendant’s prayer for other and further relief and after a careful study of the trial minutes, which respondent then had before him, he was convinced that he had erred in finding the defendant guilty and that it was his duty to correct the error rather than to have the appellate courts perform that function.
Thereafter, on March 5,1965, petitioner moved in the Criminal Court for the same relief which he seeks in this proceeding. In a three-page memorandum dated March 23, 1965, respondent denied that motion.
*230 Petitioner contends that in vacating the finding of guilty and finding defendant not guilty respondent acted in excess of his jurisdiction. Petitioner reasons in substance as follows: The sole authority to grant a new trial is statutory. Although the Supreme 'Court has the broad powers given to it by section 465 of the Code of Criminal Procedure, the only ground upon which a Judge of the Criminal Court may grant a new trial is to be found in subdivision (4) of section 33 of the New York City 'Criminal Court Act, to wit, newly discovered evidence.
Respondent, on the other hand, argues that the Criminal Court has no less power to deal with cases over which it has jurisdiction than does the .Supreme Court and that the Criminal Court has both the inherent power and those powers implied from express statutory provisions to reconsider an initial finding of guilty prior to rendering judgment, and to acquit the defendant, particularly where the initial finding was erroneous as a matter of law.
Since no statute confers this power, the answer to the question lies in the powers historically exercised by courts generally and in the specific powers conferred on and exercised by the forerunners of the New York City Criminal Court, i.e., the Court of Special Sessions and the Magistrates’ Courts of the City of New York. In 1962 the latter two courts were merged into the Criminal Court of the City of New York, a single city-wide court, having jurisdiction of nonindictable crimes (see N. Y. City Crim. Ct. Act, arts. III, VII). Subdivision 10 of section 33 of the New York City Criminal Court Act confers upon the Judges of the court the power “ To exercise all the rights, privileges, and powers and jurisdiction not inconsistent with this act, which on the thirty-first day of August, nineteen hundred sixty-two were by law vested in the then existing court of special sessions of the city of New York and the then existing magistrates’ courts of the city of New York, and in the justices and magistrates thereof.” In Matter of Hogan v. New York Supreme Ct. (295 N. Y. 92) the Court of Appeals held that the Court of Special Sessions had the power on motion to vacate a judgment procured by fraud. The language of Judge (now Chief Judge) Desmond is appropriate in the instant case (pp. 95-96): “ the New York City Special Sessions Court is, nonetheless, a court of original jurisdiction as to certain crimes * * * with full and complete power to dispose of such criminal causes. ‘ Courts of Special Sessions act within a much narrower sphere than‘those which have the power to try graver causes of offenses, but within that restricted sphere have all the powers incidental to the proper discharge of duty.’ * * * It is an old, old *231 principle that a duly constituted court, even in the absence of express statutory warrant, has the right ‘ to exercise so efficient a control over every proceeding in an action as to effectually protect every person actually interested in the result, from injustice and fraud, and that it will not allow itself to be made the instrument of wrong, no less on account of its detestation of everything conducive to wrong than on account of that regard which it should entertain for its own character and dignity ’ * * # Special Sessions Courts, as to the criminal causes within their scope, need that power as much as do the courts of general criminal jurisdiction ”.
The exercise of the inherent power of a criminal court to modify or correct a finding, at least before the pronouncement of sentence, has been upheld. In People v. Lemmons (270 App. Div. 828) the Appellate Division of this Department held that the County Court did not commit error in changing its ruling on a motion to dismiss. The court held that “ It was a proper exercise of the inherent power of the court to correct any errors in its own rulings, provided such correction be made before the termination of the trial or the proceedings.” The trial in a criminal case is not over until the sentence of the court is entered in the minutes of the court (Matter of Cedar, 240 App. Div. 182, affd. 265 N. Y. 620). The pronouncement of sentence is the judgment of the court (People v. Bradner, 107 N. Y. 1, 11; People ex rel. Jerome v. Court of Gen. Sess., 185 N. Y. 504). In Matter of Cedar (supra) the Appellate Division held that the trial court could not amend a sentence imposed four years before. But the court also noted that ‘ ‘ Unquestionably, the court has power, within definitely prescribed limits, to reconsider its judgment and to vacate, modify or amend it by reducing or increasing a sentence imposed, but such power must be exercised at the term or session of the court at which the judgment was pronounced.” (240 App. Div. 186 [emphasis in original]; accord, People v. Phelan, 127 Misc. 502, 504, where the court cited with approval Commonwealth v. Weymouth, 84 Mass. 144, 147, in which it was said that “ So long as it [the sentence] remained unexecuted, it was, in contemplation of law, in the breast of the court, and subject to revision and alteration.”)
Demonstrably without merit, therefore, is petitioner’s argument that since the power to grant a new trial in a criminal case is predicated solely on statutory authority (People v. Swerdlow, 11 N Y 2d 140; People v. Lamboray, 152 Misc. 206) the power .to change a decision must also rest on such authority. So, too, is petitioner’s argument that the court became functus officio after it rendered its original decision. On this point *232 the court in People v. Eastman (282 App. Div. 330, 332-333) wrote as follows: “It is said that a Court of Special Sessions may not entertain an application in the nature of coram nobis because such a court becomes functus officio at the end of every case, and is powerless to deal with a judgment after the same has been rendered. We are by no means certain that this statement is correct. (Matter of Hogan v. New York Supreme Court, 295 N. Y. 292.) The historic and narrow view of this matter as exemplified by the older decisions is giving way, we think, to a more liberal and practical viewpoint. Certainly it is more logical to lift the dead hand of formalism and accord to a Court of Special Sessions the power to correct its own errors ”.
Thus, it would appear that a Judge of the New York City Criminal Court has the power to change his finding before pronouncement of sentence.
This decision in no way deprives petitioner of his right to a review of respondent’s decision since an adequate remedy is provided for and was pursued by petitioner when he moved in the Criminal Court for the same relief he seeks here.
Accordingly, respondent’s motion is granted and the petition is dismissed.